259 So.2d 206 (1972)
In re ESTATE OF R.L.B., Deceased.
No. 71-758.
District Court of Appeal of Florida, Second District.
March 15, 1972.
E. Snow Martin, of Martin & Martin, Lakeland, for appellant executrix.
Julian D. Clarkson, of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee L.K.B. petitioner.
PIERCE, Chief Judge.
R.L.B., a resident of Lee County, Florida, died in Oswego, New York, on August 2, 1968. In due course his will was filed for probate in Lee County, in which will he left all his property to one F.R.C., who, pursuant to the will, was appointed executrix of the estate. The sole asset in the estate was the proceeds of a $350,000.00 life insurance policy on decedent's life which was made payable to his estate.
The controversy began when one L.K.B., also known as L.P., a resident of Gainesville, Georgia, filed petition in the probate case asking that the life insurance proceeds be distributed and turned over to her son, L.C.B., whom she claimed to be the natural (although illegitimate) child of decedent and, in the absence of any surviving spouse or other surviving children, entitled under F.S. § 222.13 F.S.A. to receive the policy proceeds. The County Judge upheld such contention and ordered the proceeds to be paid to the child. The executrix and two sisters of decedent, who had contested the claim in proceedings before the County Judge, have appealed to this Court from the order aforesaid.
In his order the County Judge fairly and clearly reviewed the facts in evidence before him and studiously analyzed the applicable law and statutes involved. We have carefully considered the order in the light of the transcript of record filed here and approve the findings and conclusions therein stated. We therefore adopt the order appealed from in its entirety as the opinion of this Court, and include it in full as follows:
"The Petition of L.K.B. praying for distribution of life insurance proceeds to the surviving child of the Decedent coming on this day for final hearing and the Court having had two hearings, then furnished depositions, briefs and arguments of counsel finds the following facts:
1. That R.L.B. also known as R.L.B. died at Oswego, New York on the second day of August, 1968 and at the time of his death was a legal resident of Lehigh Acres, Fort Myers, Lee County, Florida.

*207 2. That the evidence both documentary and oral filed or received in this case clearly and conclusively establishes that the Decedent, R.L.B. was the natural father of L.C.B. who was born on July 15, 1968 at the Hall County Hospital, Gainesville, Georgia. The entire case and all of the depositions are all replete with the conclusive fact that the Decedent, R.L.B. many times orally acknowledged the child to be his child and did in fact and in truth give him the name of L.C.B. There is further proof that R.L.B. signed a check to pay for the hospital expenses of the mother at the time she was confined there for the birth of the child, L.C.B., and that the paid receipts were, by the hospital, delivered to him. The Court however cannot find any evidence in the file, be it testimonial or documentary, wherein it is alleged that R.L.B. ever signed an instrument acknowledging in the presence of someone else that he was the natural father of the child, L.C.B., and that the only instrument signed by him purporting to be so would be the check signed to pay for the hospitalization for a female patient whose name was listed as `Mrs. L.K.B., female, thirty-six, housewife,' `B., Mr. R.L. (husband) self-employed, Lehigh Acres, Florida.' Further that Petitioners exhibit Number Four is the posting copy from the Hall County Hospital showing $245.80 check received from R.L.B. for the account of L.B. This Court is unable to make the finding that the above facts constitute `an acknowledgment in writing' that the child is the son of R.L.B., Deceased.
Despite the many subsequent amendments to Chapter 222.13 Florida Statutes the status and posture of said Statute must be determined as of the date of death of the Decedent, R.L.B. Under said Chapter 222.13 Florida Statutes it is provided that insurance made payable to the estate shall devolve to the spouse and children in equal shares. Since L.B. does not claim to be the spouse the only claimant left is L.C.B. who is claimed as the natural child of the Decedent and therefore entitled to all of the insurance made payable to the Estate. Problems arise when we try to construe the three Statutes under Florida law which do pertain to illegitimate children. Under the Workmen's Compensation Act the only requirement is that the child must be `acknowledged.' It does not require writings. Under Chapter 731.29 the Statute allows an illegitimate child to inherit from its mother and also from the father `who in writing, signed in the presence of a competent witness, acknowledges himself to be the father.' The third Statute which does not refer to illegitimate children is the Statute here under consideration, to-wit: Chapter [Section] 222.13. This Chapter merely states `the said insurance shall enure exclusively to the benefit of the child or children and husband or wife of such person in equal proportions, ...'
In the Case of in re Alworth's Estate, [Fla.App.] 151 Southern Second 478 the Honorable Judge Wigginton stated that the 1959 Amendments to the Statute effectively made the Statute (Chapter 222.13) a part of the probate law of Florida, ... This Case was not deciding the point herein involved but had to do with the duties of the personal representative of an estate and the holding was that his administrative duties should be governed by the laws as set forth in the probate Statutes. Judge Wigginton did not contend nor did he say that all of the probate Statutes would govern when construing the particular Statute with which this Court is concerned. To do so would completely defeat the Statute as it was then worded for under such contention a widow would be able to claim dower in such insurance proceeds, for such is allowed by the probate Statute. Chapter 222.13, however, completely nullifies this selection inasmuch as it states very clearly that a widow and surviving children shall *208 take equally. The Court therefore reaches the conclusion that the Probate Statute should not be read into Chapter 222.13 so as to bar a person who had been acknowledged to be the child of the deceased father from taking the insurance proceeds merely because the father had not acknowledged him in writing.
The Court is well aware of the recent Case in re Hortense Caldwell. This Case was an appeal from the County Judges Court in and for Dade County in which the Honorable Frank B. Dowling held Chapter 731.29 unconstitutional. The Case at Bar is easily distinguished from the Caldwell Case inasmuch as the Caldwell Case dealt with the right of illegitimates to take through collateral kinship. The Caldwell Case at no time dealt with the right of an illegitimate son to inherit from its acknowledged father. This Court is of the opinion that the principal operating under the Workmen's Compensation Act is the principal that should govern in this particular case. This Court feels that Chapter 222.13 should be construed to mean exactly what it says, to-wit: child or children. It is therefore felt by the Court that the requirement that the child be acknowledged in writing is not necessary to take under Chapter 222.13, and that such a requirement would constitute an unconstitutional deprivation of rights if applied to the facts of this case.
IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the child, L.C.B., is declared to be the individual set forth in Chapter 222.13 who shall take the insurance proceeds that were payable to the Estate of R.L.B., Deceased.
DONE in Chambers this 21 day of May, 1971."
Accordingly, the order of the County Judge hereinbefore quoted is affirmed.
HOBSON and McNULTY, JJ., concur.