## SIMMONS *v.* LEONARD.

## (*Nashville.* February 12, 1891.)

I. CHANCERY COURT. *Has no jurisdiction of issue of devisavit vel non.*

Chancery Courts have no jurisdiction to try the issue of *devisavit vel non.*

Code construed: §§ 2173, 2180, 4201, 4227 (T. & S.); §§ 3013, 3020, 4980, 4999 (M. & V.).

Cases cited and approved: Harrison *v.* Guion, 4 Lea, 531; Townsend *v.* Townsend, 4 Cold., 70; Burrow *v.* Ragland, 6 Hum., 486.

Cited and distinguished: John *v.* Tate, 7 Hum., 392.

2. SAME. *Act 1877 enlarging jurisdiction of Chancery Courts. Construction of.*

Act of 1877, Ch. 97, enlarging the jurisdiction of Chancery Courts has been liberally construed in favor of the extension of the jurisdiction.

Act construed: Acts 1877, Ch. 97.

Cases cited and approved: Hawkins *v.* Kercheval, 10 Lea, 542; Frazier *v.* Browning, 11 Lea, 253; McGrew *v.* City Produce Exchange, 85 Tenn., 572; Williams *v.* Burg, 9 Lea, 455; Glenn v. Moore, 11 Lea, 256; State *v.* Keller, 11 Lea, 399; Coal Co. *v.* Moses, 15 Lea, 300.

3. SAME. *Same. Does not embrace issues of devisavit vel non.*

But that Act cannot, even by a liberal construction, be held to embrace issues of *devisavit vel non,* and to confer upon the Chancery Courts jurisdiction to try such issues.

4. SAME. *Devisavit vel non not drawn into equity by joining it with matters of equitable cognizance.*

Chancery Court will not entertain and try an issue of *devisavit vel non,*

although it is presented in connection with matters proper for equitable cognizance.

---

FROM MARSHALL.

---

Appeal in error from Circuit Court of Marshall County.    ROBERT CANTRELL, J.

W. N. COWDEN, W. W. WALKER, and P. C. SMITHSON for Simmons.

JAMES H. LEWIS and JONES & EWING for Leonard.

DICKINSON, Sp. J.   Plaintiffs in error filed a bill in the Chancery Court of Marshall County against defendants in error, which embraced matters of equitable jurisdiction, and also asked that an issue of *devisavit vel non* be tried in the Chancery Court in respect of a writing which had been proven in common form as the will of Margaret Simmons.   The Chancellor retained the bill as to certain matters, but, being of the opinion that he had no power to try this issue, directed the parties to take appropriate steps to secure such a trial in the Circuit Court.

This cause was brought to the Circuit Court from the County Court by *certiorari*, which was dismissed by the Circuit Judge on the ground

that the Chancery Court had jurisdiction to fully try and dispose of this issue. Defendants resisted the trial in the Chancery Court on the ground that it did not have jurisdiction, and in the Circuit Court on the ground that the Chancery Court did have jurisdiction, and was successful in both tribunals. The result is that plaintiffs have been denied a trial altogether.

In *John* v. *Tate*, 7 Hum., 392, it appears that the Chancellor submitted in his own Court an issue to a jury to try the question whether a certain paper was a will. The Supreme Court, while holding that the parties who made the application were estopped by the proceeding, reserved the question whether the Chancellor had power to submit an issue of *devisavit vel non* to be tried by a jury in his Court.

In *Harrison* v. *Guion*, 4 Lea, 531, this question of jurisdiction was directly passed upon. The Chancellor awarded such an issue, and upon an appeal from his decree it was held that the Chancery Court had no jurisdiction to try such an issue, and that the jurisdiction of the Circuit Court was exclusive. That case was decided in 1880. It originated before the passage of the Act of 1877, Chapter 97, which conferred on the Chancery Court concurrent jurisdiction with the Circuit Court of all civil actions triable at law, except for injuries to person, property, or character involving unliquidated damages, and consequently was decided without reference to that statute. It is

insisted that this Act conferred upon the Chancery
Court the power to try the issue of *devisavit vel
non*, inasmuch as it is a civil action triable at
law, and does not fall within the exceptions ex-
pressly named. This statute has been liberally
construed, and has been held to cover cases of
mandamus, ejectment, money lost at gaming, cove-
nants running with land, claims for damages on
official bonds, claims of damages on bond of Clerk
for taking insufficient bond, suits for mistake of
public surveyor, and for conversion. *Hawkins* v.
*Kercheval*, 10 Lea, 542; *Frazier* v. *Browning*, 11
Lea, 253; *McGrew* v. *City Produce Exchange*, 1
Pickle, 572; *Williams* v. *Burg*, 9 Lea, 455; *Glenn*
v. *Moore*, 11 Lea, 256; *State* v. *Keller*, 11 Lea,
399; *Coal Co.* v. *Moses*, 15 Lea, 300.

All of these suits could have been brought by
the parties directly in the Circuit Court in the
first instance, and without any preliminary steps
in any other Court. The Circuit Court has juris-
diction of causes tried before Magistrates, on ap-
peal, which lies to that Court alone, and to try
*de novo*, on appeal provided for to that Court
alone, controversies relative to laying off, discon-
tinuing, or establishing any public road or ferry
by the County Court, and of condemnation of
lands levied upon by virtue of an execution or
attachment issuing from a Magistrate.

In the matter of the contest of wills, not only
is the Circuit Court clothed with exclusive juris-
diction (Code, § 4227), but it can be acquired by

40—5 P

that Court only in one way, and that is by a certificate from the County Court, which is the custodian of the will, and has original jurisdiction of its probate, that its validity is contested. It is also provided that the County Court shall send the original will to the Circuit Court, and require the contestants to enter into bond, etc. Code, §§ 4201, 2173. The Circuit Court is merely auxiliary to the County Court, whose jurisdiction is exclusive.

After the trial in the Circuit Court the verdict and judgment must be certified to the County Court to be recorded. Code, § 2180. The County Court has exclusive jurisdiction of probates, and a probate once made cannot be collaterally attacked and set aside in a Court of Equity, but stands until vacated by the proper appellate tribunal; and after a will has been regularly probated, a Court of Chancery has no power to set it up, as this, having been once done, will so continue unless the probate be set aside under proper proceedings in a proper tribunal. *Townsend* v. *Townsend*, 4 Cold., 70.

All of these are civil actions, and they do not come within the exceptions of the Act of 1877, and yet it cannot with reason be said that this Act was intended to repeal the special provisions of the law applicable to these cases, and defining the channel in which they shall proceed for review so as to allow appeals from Magistrates and the County Court to the Chancery Court, and a return

of an execution or attachment to the Chancery Court for condemnation of land.

The Act of 1877 does not repeal nor amend these provisions, but they stand in full force. If the contestants of a will should begin proceedings immediately, and by an independent suit in the Circuit Court, then it would necessarily fail, for the probate in the County Court could not be affected by it, and would stand in full force and effect until annulled by direct proceedings in the method prescribed by law. If the independent action would fail in the Circuit Court, it would likewise fail in the Chancery Court. There is no way provided by law to take the proceedings from the County to the Chancery Court, just as there is no way 'for taking to that Court civil cases tried before Magistrates and execution and attachment proceedings based on Magistrate's judgments. While the Act of 1877 is very broad, and has been liberally construed, it cannot, in order to give effect to the words providing for jurisdiction over all civil actions, with the exceptions set out, be held to so repeal or amend all of the prescribed rules for taking special classes of causes from inferior tribunals to the Circuit Court, so as to make them applicable to the Chancery Court. *A fortiori*, it could not be held to give the Chancery Court jurisdiction to prove wills in solemn form, by proceedings instituted directly in that Court entirely independent of any preliminary steps in the County Court, for then we would have the

anomaly of an Act which, while purporting only to give the Chancery Court concurrent jurisdiction with the Circuit Court, confers in effect a larger and more independent jurisdiction; for under the rule contended for, the Chancery Court could take cognizance of such a case directly and in the first instance, while the Circuit Court could never do so unless the cause came to it from the County Court.

The statute manifestly did not contemplate such radical and sweeping changes, but only included those civil actions which could originate in the Circuit Court, thus giving litigants the option of bringing their suits in either Court.

It is insisted that the Chancery Court, inasmuch as the bill contained matters of equitable cognizance, should have retained it for all purposes. It is a familiar rule of equity, and one often applied in this State, that a Court of Chancery, having obtained jurisdiction of a cause for any purpose, will retain it until the whole matter is disposed of, and the rights of the parties are settled. Under this rule Courts of Chancery have, in a great variety of cases, given relief in matters which would not have been otherwise entertained, but it has not, by its application, undertaken to draw to itself the functions of other Courts exclusively vested with the power over special proceedings, such as probate of wills. The Chancery Court has no power to prove a will in solemn form. When an executor has proven a will in common form, those wishing to assail it

cannot do so by bill in chancery, but must proceed, under statutory provisions, in the County and Circuit Courts. *Burroughs* v. *Rayland*, 6 Hum., 486.

·This decision does not affect the authority of that class of cases holding that a Court of Chancery may set aside a verdict upon an issue of *devisavit vel non* obtained by fraud, or set up a will that has been lost or destroyed, or spoliated or suppressed, as they rest upon an independent and well-established ground of equitable jurisdiction.

This cause is reversed, and remanded for a trial in the Circuit Court upon the issue of *devisavit vel non.*