THOMAS R. ROLAND AND CHARLES A. ROLAND, by their next friend, Joe Roland,

*v.*

EWELL T. WEAKLEY, Executor of the estate of Delthia Thomas, deceased, and the estate of W. H. Thomas, deceased.

(*Jackson*, April Term, 1961.)

Opinion filed May 5, 1961.

FRANKLIN MURCHISON, ROGER G. MURRAY, Jackson, E. T. PALMER, W. S. DRAPER, JR., Dyersburg, for appellants.

WEAKLEY & WEAKLEY, Dyersburg, for appellees.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The appellants here filed this bill seeking to set aside the last will and testament of W. H. Thomas, deceased, on the ground that the probate thereof had been obtained by means of fraud, that the purported will was a forgery, etc.

The lower court upheld the probate and dismissed the bill.

It is the theory of the appellants that the purported will of W. H. Thomas, deceased, was a forgery.

The appellants are Thomas R. Roland, who was born on July 21, 1936, and Charles A. Roland, who was born on May 29, 1939. Their uncle W. H. Thomas, died in the Baptist Hospital in Memphis, on November 30, 1941, when appellants were infants of the ages of approximately five and one-half years and two and one-half years, respectively.

It appears that Mr. Thomas left a large and valuable estate, consisting principally of farm lands in Dyer County. He never had any children, but left surviving him a widow, Mrs. Delthia Thomas.

His widow qualified as administratrix of his estate. Sometime later Mrs. Thomas announced that she had located a holographic will of Mr. Thomas and proceeded to have this will probated in solemn form.

It appears that in the holographic will Mrs. Thomas was named as the sole beneficiary.

It is charged in the bill that appellants are the heirs of the said W. H. Thomas and would have succeeded to a

substantial portion of his estate in the event of his intestacy.

We are of the opinion that the Court below was in error in dismissing appellants' bill. See *State v. Lancaster,* 119 Tenn. 638, 105 S.W. 858, 14 L.R.A.,N.S., 991. In this case, it was said:

"When a will has been probated in solemn form, no question of its invalidity can thereafter be raised, except by a bill filed to set aside the judgment for fraud in its procurement, as any other judgment may be set aside."

The Court cites in support of its views the case of *Keith v. Alger,* 114 Tenn. 1, 85 S.W. 71 wherein it is expressly declared that judgments procured by fraud, may be set aside even though obtained in the Federal Court. See also *State ex rel. Estes v. Goodman,* 133 Tenn. 375, 181 S.W. 312.

This cause will be remanded to the trial court for further proceedings consistent with this opinion.