**Stanley JOHNSON et al., Appellees,**

**v.**

**Florence D. CREASMAN et al., Appellants.**

Court of Appeals of Tennessee,
Western Section.

Dec. 5, 1972.

Certiorari Denied by Supreme Court
May 7, 1973.

Bean, Phillips & Bean, Chattanooga, for appellants.

Atchley, Atchley & Cox, Paty Lawrence & Lawrence, Chattanooga, for appellees.

MATHERNE, Judge.

This appeal involves a petition in Chancery to set up the lost will of Walter H. Creasman, deceased. The paper writing

offered was a signed carbon copy of the alleged original will and codicil thereto; the issue being whether or not the testator had effected a revocation by the destruction of the original will and codicil. The Chancellor found "that deceased testator did not revoke his will and codicil." A decree was entered setting up the will evidenced by the signed carbon copies as the last will and testament of Walter H. Creasman. The defendants have appealed to this Court.

The facts reveal that on March 31, 1965, Walter H. Creasman and his wife, Pearl Frazier Creasman, executed identical wills, with the same attesting witnesses, and each testator left to the other his or her entire estate; each will named the surviving spouse as executor without bond. On September 8, 1967, Walter H. Creasman and his wife, Pearl Frazier Creasman, executed identical codicils to their respective wills, with the same attesting witnesses. Each codicil ratified and confirmed all of the provisions of its respective March 31, 1965 will, and proceeded to make identical provisions in the event the two testators should die in a common disaster. Pearl Frazier Creasman died on August 27, 1969, her will was not offered for probate. On June 4, 1970, Walter H. Creasman married his second wife, the defendant Florence Creasman. On June 11, 1970, Walter H. Creasman died.

After the death of Walter H. Creasman, his widow by his second marriage, the defendant Florence D. Creasman, made known her intention to qualify as administratrix of the estate of Walter H. Creasman, deceased. Whereupon, the complainants, being among the persons named to take the estate of Walter H. Creasman in his codicil dated September 8, 1967, and being among the persons named to take the estate of Pearl Frazier Creasman in her codicil dated September 8, 1967, filed this lawsuit to set up the lost will of Walter H. Creasman. A temporary injunction was issued restraining the defendant Florence D. Creasman from administering the estate of Walter H. Creasman, deceased. It is to be noted the event which would have made either codicil effective—the death of both testators in a common disaster—did not occur.

■ As we view the facts under a recent decision of our Supreme Court, In re Estate of Bright (Tenn.1972), 482 S.W.2d 555, we do not have a question of setting up a lost will. Under the facts of this lawsuit, the will of Walter H. Creasman and the will of his first wife, Pearl Frazier Creasman, were mutual wills; each was executed pursuant to an agreement to so dispose of their property. The same rule would govern the codicil to each will. Under the authority of the *Bright* case, we hold the will of Pearl Frazier Creasman to be the will of both parties, and upon her death her estate was devised thereunder to Walter H. Creasman. The parties intended that only the will of the first to die take effect, and under the record, Walter H. Creasman died intestate, he having failed to execute a will after the death of his wife. We here note the opinion of the Supreme Court in the *Bright* case was rendered after the Chancellor made his decision in this lawsuit.

It is not necessary that we rule on the correctness of setting up the lost will as the last will and testament of Walter H. Creasman. If the petitioners be unsuccessful in establishing the lost will as the last will and testament of Walter H. Creasman, then he would have died intestate; if the lost will be proven as the last will and testament of Walter H. Creasman, then it is a mutual will and, under the *Bright* case, Walter H. Creasman died intestate. The result would be the same regardless of the success of the petitioners in setting up the lost will.

■ The foregoing is subject to the successful probate of the will of Pearl Frazier Creasman, dated March 31, 1965, and the codicil thereto dated September 8, 1967. There is no explanation in the record why

the will of Pearl Frazier Creasman was not offered for probate. We cannot remand for probate procedure in chancery because the chancery court has no jurisdiction to probate a will, either contested or uncontested. The county or probate court has exclusive jurisdiction to probate uncontested wills, and the circuit court of contested wills.[1] T.C.A. §§ 30–102, 32–401; Winters v. American Trust Co. (1929), 158 Tenn. 479, 14 S.W.2d 740. This cause must be remanded with such orders as necessary to accomplish the probate, or defeat thereof, of the alleged will of Pearl Frazier Creasman dated March 31, 1965, and the codicil thereto.

An order will be entered in this Court directing the Clerk of this Court to remove from the record in the present lawsuit the alleged original will of Pearl Frazier Creasman and the codicil thereto (Exhibit 6), and also to remove the alleged executed carbon copy of the lost will of Walter H. Creasman, and the codicil thereto (Exhibits 1 and 2), and to substitute in the record the Clerk's certified copy of each document. The instruments so removed will be transmitted by the Clerk of this Court to the Clerk and Master of the Chancery Court of Hamilton County, Tennessee, and there filed in this cause No. 43465 of that Court. The Chancery Court of Hamilton County, Tennessee (Equity Division) is hereby ordered to transfer to the Probate Division of that Court the alleged last will and testament and the codicil thereto of Pearl Frazier Creasman for probate proce-

dure. The determination of who will act as Administrator with Will Annexed over the estate of Pearl Frazier Creasman will rest with the Probate Division of the Chancery Court of Hamilton County; appellate courts have no original jurisdiction to appoint an administrator. T.C.A. § 30–102. No party to this lawsuit is estopped to take whatever action deemed appropriate by them as regards the probate, or the defeat thereof, of the alleged will of Pearl Frazier Creasman, deceased.

The injunction restraining Florence D. Creasman from taking any steps as administratrix of the estate of her deceased husband will remain in full force and effect until such time as there is a final order of probate of the paper writing dated March 31, 1965, and the codicil thereto dated September 8, 1967, as the last will and testament of Pearl Frazier Creasman. Upon such an order becoming final, the injunction shall by order of the Chancery Court be dissolved. Should such paper writings be defeated as the last will and testament of Pearl Frazier Creasman, the matter of the injunction shall proceed as the law directs.

The appellees move to dismiss this appeal because the appellants failed to file their assignments of error and brief within the time allowed by the Rules of this Court. Counsel for the appellants made explanation of his failure to comply with the time limitation. The proper course woud be for the appellants' counsel to have filed an affidavit in this Court

---

1. By Chapter 201 of the Public Acts of 1955 the Chancery Court of Hamilton County, Tennessee, was divided into Part 1 and Part 2, with each Part retaining all jurisdiction and powers of a court of equity. Part 2 of the Court was given in addition thereto exclusive jurisdiction and powers with respect to the probate of wills and administration of estates, and the County Court of Hamilton County was divested of such jurisdiction and power. The constitutionality of this statute has not, to the knowledge of this Court, been attacked or ruled upon. There is a statement in an Order signed

by the Chancellor in the present lawsuit that the defendant Florence D. Creasman had, prior to the injunction issued in this cause, "filed a petition in this Court to be appointed administratrix in the Estate of her deceased husband." (Emphasis added) No such petition is in the record, and we assume it was filed in the Probate Division of the Chancery Court of Hamilton County. If it was filed in the Equity Division of that Court, it must be dismissed because it was filed within six months of the death of Walter H. Creasman, which would deny a court of chancery jurisdiction. T.C.A. § 30–301.

stating the reason for noncompliance with the Rules and asking for an Order of the Court allowing his assignments of error and brief to be considered. We would caution counsel to comply with the Rules, and if noncompliance can be explained, to attempt to do so by affidavit duly filed. We will accept the explanation advanced by the appellants' counsel, and we extend the time for the filing of assignments of error and brief to the date the same were filed. The appellees' motion to dismiss the appeal is overruled.

The decree of the Chancellor setting up the lost will of Walter H. Creasman is reversed, and this cause is remanded to the Chancery Court of Hamilton County, Tennessee, for such further proceedings as herein directed. The accumulated costs in the Chancery Court and in this Court are adjudged against the complainants-appellees; the costs of further proceedings to be there adjudged.

CARNEY, P. J., and NEARN, J., concur.