Roy Lee ROBINSON (Pines) and Kenneth Lebron Robinson (Pines) by mother and next friend Marvella Robinson (Pines), Petitioners,

v.

B. Z. TABB and Maddie Mae Brown, Administrators, Estate of Amos Lee Pines, Deceased, Respondents.

Supreme Court of Tennessee.

June 29, 1978.

John C. Curtis, Chattanooga, for petitioners.

Ben Zion Tabb, Atchley & Atchley, Fielding Atchley, Atchley & Atchley, Chattanooga, for respondents.

## OPINION

FONES, Justice.

This suit involves the right of two minor illegitimate children to the proceeds of a policy insuring the life of Amos L. Pines, deceased, wherein no individual was designated as beneficiary.

Marvella Robinson (Pines), as mother and next friend of Roy Lee Robinson (Pines), age two years, and Kenneth Lebron Robinson (Pines), age three months, (as of September 1976), filed an intervening petition in the estate of decedent asserting that Amos L. Pines, deceased, was their father and that they were entitled to the policy proceeds by virtue of T.C.A. § 56–1108.

The learned chancellor held that decedent was the father of Roy and Kenneth and awarded the $6,000 proceeds of the policy to them. He relied upon cases annotated in 62 A.L.R.3d 1329 (1975), and particularly a Florida case, In re Estate of R.L.B., 259 So.2d 206 (Fla.Dist.Ct.App.1972). To support his reasoning, the chancellor held that the word "children" in T.C.A. § 56–1108 is broad enough to encompass all of the offspring of the insured, whether legitimate or illegitimate, and that life insurance proceeds subject to the provisions of that statute pass to the statutory beneficiaries outside of the law of descent and distribution.

The Court of Appeals reversed, holding that the characterization by this Court in Frazier v. Frazier, 221 Tenn. 705, 430 S.W.2d 655 (1968), of T.C.A. § 56–1108 as a rule of devolution rather than a rule of construction, placed it within the ambit of the statutes of descent and distribution.

While we agree with the Court of Appeals in that interpretation of T.C.A. § 56–1108, this case is controlled by our decision rendered today in Allen v. Harvey, et al. and Waverly Housing Authority.

In Allen, we held that a child born out of wedlock may inherit from and through his father where paternity is established by clear and convincing proof, to be applied prospectively and to pending cases that assert the right of illegitimates to inherit from their father.

In our opinion, the proof that Amos Pines, deceased, was the father of Roy and Kenneth was clear and convincing. Marvella Robinson (Pines) testified that she and Amos Pines lived together as man and wife from 1970 until his death in 1976, although they were not legally married, and that Amos Pines acknowledged paternity of Roy and Kenneth and supported the family, including Marvella's oldest son Charles Freddie, born of a previous union. For the year 1975, deceased filed a Federal Income Tax Return showing Marvella as his wife and Roy and Charles as his dependent children (Kenneth was born in 1976). In February, 1974, deceased applied for coverage on a group policy carried by his employer and named Charles Freddie as beneficiary. Also in February, 1974, Amos procured the issuance of an industrial policy insuring the life of Marvella, named therein as M. R. Pines, designating himself as beneficiary, and a similar policy insuring the life of Marvella's son Charles, named therein as Charles F. Pines, designating Marvella as beneficiary.

Eight witnesses testified that Marvella and Amos lived together as man and wife and the majority of them also testified that Amos supported Marvella and her sons and acknowledged that he was the father of Roy. Kenneth was born just a few weeks prior to Amos' death, but several of the witnesses testified that he had acknowledged paternity of Kenneth. The countervailing testimony of Amos' mother, father, and aunt does not directly contradict the testimony recited above. The fact that Amos contributed to the support of his parents and that some of his clothes remained in his parents' house and that he was seen there often does not contradict what we regard as clear and convincing evidence of the deceased's paternity of Roy and Kenneth, his acknowledgment thereof, and support of Marvella and her family.

Provident Life and Accident Insurance Company paid the proceeds of the policy on deceased's life to the administrators on September 14, 1976, prior to the filing of the intervening petition on behalf of Roy and Kenneth. The record reflects that the administrators have paid that portion of the funeral expense not covered by social security, a bond premium, and part of the Probate Court costs. The Chancellor decreed that Roy and Kenneth and their attorney recover from the administrators the full policy proceeds of $6,000. We are of the opinion that in the circumstances of this case, equity requires that the funeral expense, bond premium, Probate Court costs, and the costs of this appeal should be paid out of the policy proceeds, and the balance awarded Roy and Kenneth and their attorney.

The decree of the Court of Appeals is reversed and, as modified, that of the trial court affirmed. The cause is remanded for entry and enforcement of a decree in accord with this opinion.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.