John H. MUSE, Executor and/or Administrator C.T.A. of the Estate of David M. Martin, Deceased, Plaintiff-Appellee,

v.

Della Rae SLUDER et al., Defendants-Appellants,

and

Gurnie M. Potter et al., Cross Plaintiffs-Appellees.

Court of Appeals of Tennessee, Western Section, (Sitting at Knoxville).

Feb. 6, 1980.

Certiorari Denied by Supreme Court May 7, 1980.

Walter Lee Davis, Jr., Johnson City, for defendant-appellant Russell T. Martin.

James T. Milliken, Thomas E. Mitchell, Johnson City, for defendants-appellants Grady Martin, Josephine Martin and Pamela Martin Davis.

Thomas R. Grayson, George T. Wright, Mountain City for plaintiff-appellee.

Robert E. Banks, Lewis Merryman, Elizabethton, for cross plaintiffs-appellees.

SUMMERS, Judge.

David M. Martin, a resident of Johnson County, Tennessee, died on April 10, 1977. At the time of his death he was approximately 98 years old. Shortly after his death, two documents were offered for probate in the County Court of Johnson County, both purporting to be the last will and testament of the decedent but each disposing of different property. The first document was dated March 11, 1974, and the second document was dated November 18, 1974.

The County Court of Johnson County appointed John H. Muse as executor and/or administrator of the estate of Mr. Martin. In September, 1977, Mr. Muse filed in the Chancery Court of Johnson County a Bill for Declaratory Judgment and prayed for the following relief:

1st. That the Court declare and find the heirs at law and next-of-kin of the deceased, Dave M. Martin, and that if need be, a Clerk's Report be made for this purpose.

2nd. As to those Defendants whose names and addresses are known and who are residents of the State of Tennessee that proper process issue and be served against them.

3rd. As to those Defendants, heirs at law and next-of-kin of the deceased, David M. Martin, whose names and addresses are unknown and cannot be ascertained, that process issue and be served against them by publication, and that said publication be made to bring said Defendants before the Court.

4th. The Court ascertain and declare the true assets of the Estate, both personal and real, wheresoever situated.

5th. The Court declare the rights of the various parties herein, heirs at law and next-of-kin of the deceased, Dave M. Martin, accruing under the aforementioned documents, both of which purport to be the Last Will and Testament of the late David M. Martin, so that the Plaintiff herein may faithfully and adequately carry out his duties as Executor and/or Administrator with the Will annexed of the Estate.

6th. The Plaintiff be given general relief such as the court may deem proper.

At the time of his death, Mr. Martin was married to Dessie Malone Martin, but they had been separated since 1971. At the time of the separation, they executed a Contract of Separation and Settlement of Property Rights. Mrs. Martin answered the bill for declaratory judgment and alleged that the property settlement agreement did not extinguish her rights to certain of the property of Mr. Martin as the surviving widow. However, the court denied Mrs. Martin's claim and found that the separation agreement was a full release of all claims of Mrs. Martin against the estate of her deceased husband. This finding of the chancellor was not appealed and is, therefore, not before this court.

The cross plaintiffs-appellees, Gurnie M. Potter, Selmer Potter, Mabel Jean Roark and Kirmit Potter, filed an answer to the bill for declaratory judgment and asked the court to treat their answer also as a cross bill. These four cross plaintiffs are the children of Wiley Potter who died in 1969. They alleged that their father was the illegitimate son of the decedent and that as his children they are entitled to inherit the property of Mr. Martin as his surviving heirs.

The cross bill denied that the two wills which had been presented for probate in the

County Court of Johnson County were valid wills. The cross bill further set out that in October, 1974, a suit was filed seeking to have a conservator appointed for Mr. Martin due to his advanced years and declining health. A fullscale hearing was held on November 13, 1974, and a conservator for Mr. Martin was appointed by order of December 14, 1974. In this order the court prohibited, restrained and enjoined all relatives of Mr. Martin or any person from interfering with the conservator in the performance of his duties or interfering with his functions as such conservator or in dealing with the property or person of his ward. The cross plaintiffs alleged that Walter Martin and Russell T. Martin, nephews of the decedent and beneficiaries under the two documents executed in 1974 by David M. Martin, were present at the November 13, 1974 hearing. Five days after the hearing these two nephews of Mr. Martin did carry him to an attorney's office where he executed the purported will of that date.

The cross plaintiffs sought:

A. To enjoin the probate of the wills in the Chancery Court on the findings of fraud, duress and undue influence, and that the last purported Will in fact invalidates the previous Wills, and on the further finding that the parties procuring the Will of November 18, 1974 were in violation of the Court's injunctive process, and should be dealt with accordingly, and that they would be judicially estopped in the premises; on the further finding that David Martin was unable to transact business the last year previous to November 18, 1974, under the findings of this Honorable Court.

.    .    .    .    .

C. That such other relief be decreed, including general relief, and in order to bring the real property before the Court, some of the Defendants are non-residents, that same be attached by judicial Fiat.

The plaintiff-appellee, Mr. Muse, filed an answer to the cross-plaintiffs' cross bill and *inter alia*, said:

This Plaintiff answering to any party who would seek to contest the validity of either Will herein, and would depend upon allegations of capacity of mind or other reasons relevent to the validity of the Wills, would for Answer say that this is not a Court of Competent Jurisdiction to the trial of a "Contest of Wills". Therefore, to the extent that any party as a matter of Pleading seeks to contest either of the said Wills denies their right to do so. .    .    ..

The defendant, Russell Taylor Martin, could take only under the November 18, 1974 will. In his answer, he prayed that the court declare the will dated November 18, 1974, as the valid will of the late Mr. Martin, thereby revoking the will dated March 11, 1974.

The defendant, Walter Martin, filed a brief in which he alleged:

The Chancery Court has no jurisdiction to determine which of the two wills is the last will and testament of David M. Martin. It can only declare the two wills to dispose of the property therein named and to the beneficiaries therein named. It has no other jurisdiction other than to declare both to be the last will and testament of Dave M. Martin.

After the hearing of the cause, Walter Martin died. His suit was revived by his widow, Josephine Martin, and his two children, Grady Martin and Pamela Martin Davis, who are three of the defendants-appellants in this case.

The plaintiff-appellee, John H. Muse, in his brief again contended that he did not purport to file a contest of wills. He alleged that the circuit court has exclusive jurisdiction on a proceeding to contest the validity of the wills; further, that there was a difference between a will contest and a bill for the court to declare what benefits, if any, the beneficiaries or devisees under the will and/or wills of the late David M. Martin should have.

The jurisdictional issue was again raised before the hearing by the attorneys, at which time the chancellor said that if it was up to the court to declare which one is the

will then it indeed may take on the character of a will contest. The chancellor further said that a court of equity does not have the jurisdiction or the authority to try a will contest under Tennessee law.

After a hearing, the chancellor took the matter under advisement and later rendered a memorandum opinion which was incorporated in the final decree. Some of the matters disposed of in the final decree are not before us on appeal and will not be discussed. The chancellor made a finding that the cross plaintiffs-appellees were the grandchildren of the decedent and were entitled to inherit his estate. The court further found that the two wills executed by Mr. Martin in 1974 were obtained under fraud, undue influence and over reaching, and the court specifically held that the two wills would be enjoined as to probate and that the claims of those claiming under the two wills would be barred. Further, he stated this was not a will contest.

Josephine Martin, Grady Martin and Pamela Martin Davis, the wife and children of Walter Martin, and Russell T. Martin have appealed to this court and assigned errors. The two briefs filed by these parties raised two issues by the assignments of error: did the Chancery Court have jurisdiction over the matter and was the Chancery Court correct in determining that the cross plaintiffs-appellees are the grandchildren of the decedent.

T.C.A. 32–401 provides that when the validity of any last will and testament is contested, the county court shall cause the fact to be certified to the circuit court and send the original will to that court for trial. The circuit courts have exclusive jurisdiction to try and determine all issues made up to contest the validity of last will and testaments. T.C.A. 16–503; *Scott v. Atkins*, 44 Tenn.App. 353, 314 S.W.2d 52 (1957).

The 1950 case of *Clark v. Hefley*, 34 Tenn.App. 389, 238 S.W.2d 513, clearly defines a will contest:

. . . A contest of a will is an attempt by legal proceeding to show that the testator was incapable of making a will or that the instrument is the will of

another by reason of undue influence, to the end that the will may be declared void and the estate be administered according to the laws of descent and distribution. . . .

*Clark* reiterated that the jurisdiction of the circuit court is exclusive in the matter of the contest of wills and further stated that the chancery court cannot entertain and try an issue of *devisavit vel non* although it is presented in connection with matters of equitable cognizance.

We believe that the 1935 Supreme Court case of *Hodges v. Stegall*, 169 Tenn. 202, 83 S.W.2d 901, is the closest case on point with the instant case. In the *Hodges* case a bill was filed in the chancery court of Washington County for the construction of the wills of G. W. Hodges and his wife, Mary Elizabeth Hodges. The chancellor held that the wills were unambiguous and that a construction was not necessary. The Supreme Court upheld the chancellor and said:

The chancellor properly refused to allow complainants to file an amended and supplemental bill attacking the will of Mary Elizabeth Hodges upon the grounds of fraud and undue influence. Issues of devisavit vel non cannot be properly intruded upon a court of equity. Exclusive jurisdiction in such cases belongs to the circuit court. *Simmons v. Leonard*, 89 Tenn. 622, 15 S.W. 444.

The cross plaintiffs-appellees have cited a number of cases in support of their position on this issue. We believe that these cases are distinguishable from the case at bar.

In the case of *Dick v. Dick*, 223 Tenn. 228, 443 S.W.2d 472 (1969), the chancery court declined to take jurisdiction where an executrix had waived the right to dissent from the will and had relinquished her right to act as executrix, the chancellor stating that those issues were proper issues to be determined by the county court. However, the Supreme Court held that the chancery courts of Tennessee had inherit jurisdiction over the administration of estates. But the *Dick* case did not involve a will contest or an issue akin to a will contest.

The wills in the instant case were probated in common form in the County Court of Johnson County. The will involved in the case of *Roland v. Weakley,* 208 Tenn. 444, 346 S.W.2d 578 (1961), was probated in solemn form. The appellants in that case sought to have the will set aside on the ground that the probate had been obtained by means of fraud and that the purported will was a forgery. The chancery court dismissed the suit, but the Supreme Court found that the chancery court was in error in dismissing the appellants' bill and said:

> When a will has been probated in solemn form, no question of its validity can thereafter be raised, except by a bill filed to set aside the judgment for fraud in its procurement, as any other judgment may be set aside.

The cross plaintiffs-appellees further rely on *State ex rel. Estes v. Goodman,* 133 Tenn. 375, 181 S.W. 312 (1915), and *State v. Lancaster,* 119 Tenn. 638, 105 S.W. 858 (1907), both of which were quoted in *Roland, supra.* These were escheat cases filed by the state, and the chancery court is the proper forum for the state to file an escheat suit.

In the case at bar, there is an order of transfer dated November 27, 1978, *nunc pro tunc* for May 12, 1978, providing:

> It is therefore ORDERED, ADJUDGED and DECREED that the entire file and record in the County Probate Court of Johnson County, Tennessee, in the Estate of David M. Martin, by John H. Muse, Administrator, along with all pleadings, exhibits, Wills, Orders and Decrees, and all documents appearing, there being no objection thereto, will be and the same is hereby transferred into the Chancery Court of Johnson County, Tennessee, for all purposes, to final conclusion and the County Court Clerk will be given a certified copy of this Decree, and will transfer said file accordingly.

■ Jurisdiction is not a matter that can be waived. The order of transfer does not recite that the parties attempted to waive jurisdiction; they merely agreed to the transfer of the record to the chancery court for all purposes so that the chancery court could conclude the matter.

■ The original pleading filed in this case was a bill for a declaratory judgment seeking the construction of the two wills and the ascertainment of the heirs of the decedent. We find that it was improper for the chancellor to rule on the validity of the two wills as the issue of *devisavit vel non* is clearly a matter to be passed upon by the circuit court.

This court is cognizant of the fact that in 1977 the Tennessee General Assembly amended T.C.A. 16–602. That amendment provides that the chancery court can hear and determine certain cases in which jurisdiction lies in the circuit court where no objection to the jurisdiction has been taken by a plea. However, in the instant case the issue of jurisdiction was raised in the lower court as set out above.

The assignments of error of the appellants challenging the jurisdiction of the chancery court to rule on the validity of the purported wills are sustained.

However, the assignments of error of the appellants challenging the finding by the chancery court that the four cross plaintiffs-appellees were the grandchildren of David M. Martin are overruled.

■ The four cross plaintiffs claimed that they were the grandchildren and heirs at law of David M. Martin by virtue of the fact that their father, Wiley Potter, was the son, born out of wedlock, of David M. Martin. The law has been changed, and it is possible for children born out of wedlock to inherit from both their mother and their father. T.C.A. 31–206; *Allen v. Harvey,* 568 S.W.2d 829 (Tenn.1978), and *Robinson v. Tabb,* 568 S.W.2d 835 (Tenn.1978). As was said in *Allen, supra*:

> The decision we reached today—that a child born out of wedlock may inherit from and through his father—is specifically limited to cases where paternity is established by clear and convincing proof and to cases where rights of inheritance have not finally vested. . . .

The application of this decision shall be prospective only but it shall govern any cases pending in the courts of Tennessee on the date this opinion is released, asserting the right of children born out of wedlock to inherit from their natural father.

When the *Allen* case was released, the case at bar was pending in court. In *Allen, supra,* the birth certificate of the child born out of wedlock named the alleged father as his father. In *Robinson, supra,* the alleged father claimed the children born out of wedlock as his dependent children on his federal income tax return.

■ In the instant case we have no written proof of paternity. However, we must agree with the chancellor that there is clear and convincing evidence by reputable witnesses that Wiley Potter was David M. Martin's son born out of wedlock. This testimony is from disinterested witnesses; relatives of David M. Martin who would take a part of his estate if the court had found otherwise; the widow of David M. Martin, who is not related to the cross plaintiffs; and from the cross plaintiffs themselves.

■ This court is of the opinion that the cause should be remanded back to the Chancery Court of Johnson County with instructions to forward the cause to the county court which will, in turn, certify to the circuit court the two wills for a will contest pursuant to T.C.A. 32–401. See: *Johnson v. Creasman,* 495 S.W.2d 203 (Tenn.App.1972). When two wills are offered for probate and the applications are consolidated, submission of both for determination as to whether one or the other is the true will is the correct procedure. See: *Bearman v. Camatsos,* 215 Tenn. 231, 385 S.W.2d 91 (1964).

We affirm the ruling of the chancellor that the four cross plaintiffs-appellees are the grandchildren and heirs of David M. Martin deceased. We reverse the ruling of the chancellor that the two wills presented for probate are void. The cause is remanded to the chancery court to carry out the instructions set forth herein. The costs of this cause are taxed against the estate of David M. Martin.

MATHERNE and NEARN, JJ., concur.