IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

MIKE G. PAULEY,

     Plaintiff-Appellant,

                                       Madison Chancery No. 51128

Vs.                                   C.A. NO. 02A01-9607-CH-00161

MADISON COUNTY, MADISON COUNTY
PENAL FARM, DAVID WOOLFORK,
Madison County Sheriff, Penal Farm
Superintendent, CAPTAIN JACKSON,
Penal Farm Head Controller (Acting Warden),
SGT. JERED, 1st Shift Sergeant, SGT. EVANS,
3rd Shift Sergeant, OFFICER STEVE HORNER,
OFFICER CLEO KING,

     Defendants-Appellees,
_____

FROM THE MADISON COUNTY CHANCERY COURT
THE HONORABLE JOE C. MORRIS, CHANCELLOR


Mike G. Pauley, Pro Se

James I. Pentecost; Waldrop & Hall, P.A., of Jackson
For Defendants-Appellees


*REVERSED AND REMANDED*

Opinion filed:


**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**


**CONCUR:**

**HOLLY KIRBY LILLARD, JUDGE**

**HEWITT P. TOMLIN, JR., SENIOR JUDGE**

     Plaintiff, Mike G. Pauley, an inmate at the Madison County Penal Farm (Penal Farm),

appeals from an order of the trial court dismissing his pro se complaint against the defendants,

which include Madison County, the Penal Farm, and several of the Penal Farm's personnel.[1]

In the complaint filed in the chancery court, the plaintiff alleges that, on April 24, 1995, while he was incarcerated at the Penal Farm, he sustained injuries when another prisoner attempted to escape through the ceiling area above his bed. At that time, the plaintiff was serving a sentence for his fourth D.U.I. conviction. The plaintiff alleges that while he was sleeping in his cell, the other prisoner caused a ceiling panel to fall and strike the plaintiff in the lower back area. The plaintiff further alleges that the defendants were aware of his pre-existing spinal condition and that he suffered injuries that aggravated this condition.

The plaintiff avers that the defendants failed to properly supervise his living area and that they showed gross negligence and deliberate indifference by not taking him to a hospital immediately after discovering that he suffered injuries. The plaintiff also avers that the defendants violated his civil rights and that plaintiff sustained personal injuries and aggravation of his preexisting condition as a result of the defendants' negligence and violations of his civil rights.

The defendants filed a motion to dismiss the plaintiff's complaint pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction and pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. The trial court granted the defendants' motion and dismissed the case with prejudice. The trial court's order dismissing the plaintiff's complaint does not specify the grounds for dismissal. Defendants assert in their brief that the case was dismissed on both grounds, although they make no argument in their brief as to plaintiff's failure to state a claim upon which relief can be granted. In any event, from our examination of the complaint we find that the complaint does state a cause of action for recovery of damages for alleged personal injuries sustained as a result of alleged negligence and violations of civil rights on the part of defendants. Dismissal under Tenn.R.Civ.P. 12.02(6) is warranted only when no set of facts will entitle the plaintiff to relief. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984). A complaint should not be dismissed no matter how poorly drafted if it states a cause of action. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992). Tenn.R.Civ.P. 8.06 provides that "[a]ll pleadings shall be so construed as

---

[1] Plaintiff filed suit against Madison County, Madison County Penal Farm, David Woolfork, the Madison County Sheriff and Penal Farm Superintendent, Captain Jackson, the Penal Farm's Head Controller and Acting Warden, Sergeant Jered, the first shift sergeant, Sergeant Evans, the third shift sergeant, Officer Steven Horner, and Officer Cleo King in their official and individual capacities.

to do substantial justice," and Tenn.R.Civ.P. 1 mandates that the rules should "be construed to secure the just, speedy and inexpensive determination of every action." Although we conclude that the allegations of the complaint state a cause of action, we do not mean to imply that we are considering any defenses that might inure to any individual entity named as a defendant.

The plaintiff's appeal presents only one issue for review: whether the chancery court erred in dismissing the case for lack of jurisdiction instead of transferring the case to the appropriate circuit court.

The plaintiff's negligence claim against the governmental entities and the governmental employees is controlled by the Tennessee Governmental Tort Liability Act (GTLA), T.C.A. § 29-20-101 *et seq.* (1980 & Supp. 1994). Because the circuit court has exclusive jurisdiction over GTLA claims under T.C.A. § 29-30-307, the defendants assert that the chancery court lacks jurisdiction over the plaintiff's case. The defendants also argue that because the plaintiff's civil rights action seeks unliquidated damages, the chancery court lacks jurisdiction over this case pursuant to T.C.A. § 16-11-102(a) (1994). In addition, the defendants argue that the chancery court may, but is not required to, transfer the case to the proper circuit court under T.C.A. § 16-11-102(b) (1994).

T.C.A. § 16-11-102 provides:

> **Jurisdiction of civil causes – Transfer to circuit court. –**
> (a) The chancery court has concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; and no demurrer for want of jurisdiction of the cause of action shall be sustained in the circuit court, except in the cases excepted.
> (b) Any suit in the nature of the cases excepted above brought in the chancery court, where objection has not been taken by a plea to the jurisdiction, may be transferred to the circuit court of the county, or heard and determined by the chancery court upon the principles of a court of law.

T.C.A. § 16-11-102. Because this section provides that the chancery court "may" transfer a case over which it has no jurisdiction to the appropriate circuit court, the defendants assert that transfer is discretionary and that the chancery court did not abuse its discretion in dismissing the plaintiff's case.

We must respectfully disagree with the defendants' assertions. This case is controlled by our Supreme Court's decision in **Flowers v. Dyer County**, 830 S.W.2d 51 (Tenn. 1992), where the Court was faced with the issue of whether a complaint, which asserts a claim under

3

the Governmental Tort Liability Act filed in the Chancery Court of Dyer County, must be dismissed upon the motion by the defendant on the grounds that the court does not have subject matter jurisdiction. The movant relied upon the provisions of T.C.A. § 16-11-102 and, in holding that the trial court should not have dismissed the case but should have transferred the case to the circuit court, our Supreme Court said:

> Implicit in the provisions of T.C.A. § 16-11-102 is the positive inference that, where a jurisdictional objection has been made, such a transfer is mandated. *See Muse v. Sluder*, 600 S.W.2d 237 (Tenn.App. 1980).

*Id*. at 53.

We see no significant difference between *Flowers* and the case at bar, except perhaps that the case at bar involves, in addition to a GTLA claim, a claim for unliquidated damages for violations of civil rights. In the latter instance, the case still involves a claim for unliquidated damages for which the chancery court has no jurisdiction. *See* T.C.A. § 16-11-102(a).

The defendants point out that, subsequent to the decision in *Flowers*, the legislature passed T.C.A. § 16-2-107 in 1991, which provides:

> **Transfer of cause of action. —** In judicial districts which have a separate circuit and chancery court or in districts which have more than one (1) division of circuit or chancery court, if a civil cause of action is filed in the improper court or the improper division of court within the judicial district, upon the motion of either party, or upon the court's own motion, such cause of action may be transferred to the proper court or proper division within such district.

T.C.A. § 16-2-107 (1994). The defendants argue that the language of this statute makes the transfer to the appropriate court discretionary rather than mandatory. We must respectfully disagree. T.C.A. § 16-2-107 provides for transfers from chancery to circuit or circuit to chancery, but retains the language used in § 16-11-102 that such case "may be transferred." Therefore, we do not find that the provisions of this statute would change the Supreme Court's decision based upon T.C.A. § 16-11-102, which remains in full force and effect. Therefore, under *Flowers*, we are bound to conclude that the transfer of the case before us was mandatory under T.C.A. § 16-11-102 and that the chancery court erred in failing to transfer the case to the appropriate circuit court.

Accordingly, the order of the trial court dismissing the case is reversed. The case is remanded to the trial court with directions to transfer this case to the circuit court for further proceedings. Costs of the appeal are assessed against the appellees.

4

                                                   _____

                                                   **W. FRANK CRAWFORD,**
                                                   **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**HOLLY KIRBY LILLARD, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**