Bobbie Mai MAJORS,
Plaintiff–Appellee,

v.

James SMITH, Administrator of the Estate of J.D. Smith, Mattie Mathis, Maude Smith, and Earlene Cantrell, Defendants–Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 1, 1989.

Permission to Appeal Denied by
Supreme Court Sept. 5, 1989.

Glen H. Bishop, Lebanon, for plaintiff-appellee.

Richard J. Brodhead, James H. Stallings, Jr., Anthony E. Hagan, Lebanon, for defendants-appellants.

## OPINION

TODD, Presiding Judge.

The defendants, James Smith, Mattie Mathis, Maude Smith and Earlene Cantrell, have appealed from a non-jury judgment of the Trial Court declaring that the plaintiff, Bobbie Mai Majors is the child of J.D. (Ludie) Smith, deceased, and is entitled to a distributive share of his estate.

The sole issue presented on appeal is whether the judgment is supported by clear and convincing evidence.

The complaint alleges that plaintiff is the daughter of J.D. Smith and Susan Crudup who were never married, but that said J.D. Smith repeatedly acknowledged that plaintiff was his child.

The answers deny that J.D. Smith acknowledged his parentage of plaintiff.

By amended complaint, plaintiff alleged that defendants Mattie (Smith) Mathis and

Maude Smith held certain certificates of deposit which were the property of the estate and prayed that said defendants "account to the Court for the respective sums which they are holding in a fiduciary capacity."

Defendants' answer denies "all allegations in the petition filed against them."

■ The record contains no evidence that the Trial Court has ruled upon the issue presented by the amended complaint and response thereto. The judgment of the Trial Court is therefore not final and is subject to revision by the Trial Court at any time before entry of final judgment disposing of all parties and issues before the Court. T.R.A.P. Rule 3(a).

For the same reason, this appeal is premature and should be dismissed. However, in view of the advanced stage of this appeal, the issue presented will be resolved, but without prejudice to the exercise of the prerogative of the Trial Judge to change his judgment as provided in Rule 3(a).

### The Evidence

Susan Stroud testified that she is the mother of plaintiff, that J.D. (Ludie) Smith, deceased, was the father of plaintiff; that deceased "helped her with the child", paid medical bills and regularly gave her money for the support of the child; that she (Susan Stroud) was known by her maiden name, Crudup, at the time of birth; that the birth of plaintiff was registered under that name; that she (Susan Stroud) married John Majors in 1944, and changed her name to Susan Majors; and that, when plaintiff reached maturity, she had her name changed to Majors.

Lillie Crudup, Mamie Officer, Willie B. Dockins, John W. Allen, George Flippin, Geneva Reeves McDonald, Odell Reeves and John Reeves each testified that deceased had stated that plaintiff was his child.

Plaintiff testified that she and deceased had a close personal relationship, that he supported her, took her to visit relatives and attended basketball games where she played.

The evidence presented by defendants consisted of the following:

Janice Hastings testified that deceased told her he had a child named Penny, that he gave Penny gifts, that he never had any children and that he never mentioned plaintiff.

James Edward Smith testified that he never saw deceased at a basketball game where plaintiff played.

Claudine Beasley and Denise Oldham each testified that deceased told her he never had any children and that she never saw plaintiff at the home of deceased.

Earl Wright testified he had never seen plaintiff at the home of deceased and that deceased stated that he wished that he had children.

Jewell Mathis and Marshaye Hurd each testified that she never saw plaintiff at the home of deceased.

Cornelia Wright testified that deceased stated to her that Penny Hastings was his girl and that she (the witness) never saw plaintiff at the home of deceased or at the hospital.

Robert Mathis testified that deceased told him he had a son and that he (the witness) never saw plaintiff at the home of deceased.

Avery Mathis testified he never saw plaintiff at the home of deceased.

James Smith testified he never saw plaintiff at the home of deceased and that he named plaintiff in the obiturary notice of deceased because of a long circulated rumor.

Earlene Cantrell testified that deceased lived with her for about 20 years during which she (the witness) never saw plaintiff visit deceased.

Reggie Corder and Mattie Mathis each testified that he or she never saw plaintiff at the home of deceased.

John Aaron Majors testified that plaintiff had always claimed to be his child.

## The Law

T.C.A. § 31–2–105 provides:

31–2–105. Parent-child relationship.—If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:

(1) An adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by the spouse of a natural parent has no effect on the relationship between the child and that natural parent; and

(2) In cases not covered by subdivision (1), a person born out of wedlock is a child of the mother. That person is also a child of the father, if:

(A) The natural parents participated in a marriage ceremony before or after the birth of the child, even though the attempted marriage is void; or

(B) The paternity is established by an adjudication before the death of the father or is established thereafter by clear and convincing proof, but the paternity established under this subdivision is ineffective to qualify the father or his kindred to inherit from or through the child unless the father has openly treated the child as his, and has not refused to support the child. [Acts 1977, ch. 25 § 4; 1978 (Adj.S.), ch. 763, § 3; T.C.A. § 31–206; Acts 1986, ch. 580, § 5.]

■ Under the circumstances of this case, the establishment of parenthood requires "clear and convincing proof".

In *Robinson v. Tabb,* Tenn.1978, 568 S.W.2d 835, the Supreme Court held that paternity was established by clear and convincing evidence that the alleged father and the mother lived together as husband and wife, that the alleged father supported the mother and children and that he acknowledged parenthood.

In *Muse v. Sluder,* Tenn.App.1980, 600 S.W.2d 237, this Court found the evidence to be "clear and convincing", but did not state the nature of the evidence, except that it was from "reputable witnesses".

In *Morrow v. Thompson,* Tenn.App.1981, 626 S.W.2d 706, this Court affirmed a judgment sustaining the claim of the child where the evidence showed that the deceased claimed plaintiff as his child, gave her things and was nice to her.

## Conclusions of this Court

■ While the expression, "clear and convincing proof" does not appear to have been defined with specificity, the cited authorities indicate that they refer to the strength of the inference resulting from the facts shown. That is, the requirements of clear and convincing proof is not satisfied by circumstances which merely "suggest" or imply parentage, or even support probability. The circumstances must be such as to produce a state of conviction (by convincing) that the desired fact is indeed true.

■ Of course, the credibility of witness is an entirely separate question, for the finder of fact must first determine which testimony will be believed and which will not be believed. The finder of fact in the present case has believed the witnesses for the plaintiff in preference to those who contradicted them. This court finds no grounds to alter this decision of the Trial court. *Bingham v. Dyersburg Fabrics Co., Inc.,* Tenn.1978, 567 S.W.2d 169; *State ex rel. Balsinger v. Town of Madisonville,* 222 Tenn. 272, 435 S.W.2d 803 (1968).

The facts related by plaintiff's witnesses are sufficient to satisfy the requirement of "clear and convincing proof". The mother's testimony that plaintiff was decedent's child and that he acknowledged and supported the child, and the testimony of others that he acknowledged parenthood raise a strong inference of parenthood. A man would not ordinarily make such statements and perform such actions if he were not the parent of the child.

■ The negative testimony of defendants' witnesses, even if true, does not contradict that of plaintiff's witnesses. The existence of a child born out of wedlock is not ordinarily announced with blaring trumpets to all who may hear. More often, it is a private affair, confided only to confidential friends. The fact that others

were not told is, if circumstantial at all, a very weak circumstance.

This Court agrees with the finding of the Trial Judge that plaintiff has established her claim by clear and convincing proof. The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellants. The cause is remanded for further proceedings.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.