**Billy BRANDON and Dennis Farrar,**
**Plaintiffs/Appellees,**

v.

**Roy WRIGHT d/b/a T & W Enterprises,**
**Inc., Defendant/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 24, 1992.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 24, 1992.

C. Kelly Wilson, Shelbyville, for plaintiffs/appellees.

Knox Bigham, Bigham and Boyd, Lewisburg, for defendant/appellant.

## OPINION

TODD, Presiding Judge.

The defendant T & W Enterprises, Inc., has appealed from a jury verdict and judgment in favor of the plaintiffs, Billy Brandon and Dennis Farrar in the amount of $27,409.00 for labor and materials furnished for the improvement of a building. The captioned defendant, Roy Wright, was dismissed by directed verdict, and is not a party to this appeal.

The record contains a typewritten contract dated April 4, 1988, wherein plaintiffs agreed to perform specified improvements upon property designated as the Gunter Building for a consideration of $95,000.00 to be paid by defendant.

The record also contains a typewritten agreement dated May 26, 1988, whereby the parties agreed that plaintiffs would install certain plumbing and supply all insurance including worker's compensation for $4,125.00.

On July 15, 1988, the parties executed an addendum providing for completion and payment on or before August 1, 1988, and a $300.00 per day penalty for delay in completion. Payment was conditioned upon approval of the State Fire Inspector, general contractor and architect.

There is evidence that the plaintiff, Dennis Farrar, told Mr. Roy Wright, president of defendant T & W Enterprises, that he and Billy Brandon were not licensed contractors; that Mr. Wright asked plaintiffs to get someone to "cover them with a contractor's license"; that plaintiffs obtained from Bobby Farrar, a licensed contractor who operates Cascade Construction Company, a proposal to perform the contract; that defendant accepted the proposal, but that there was never any intention that the proposal would be performed by Cascade Construction Company.

A difference arose between the parties as to whether payments on the contract should include charges for the time plaintiffs spent on the job as supervisors, and this suit eventually was filed.

The complaint filed by plaintiffs is based upon the April 4, 1988, agreement and the July 15, 1988 addendum mentioned above, and alleges an unpaid balance of $29,909.00. In the alternative, the complaint seeks restitution for unjust enrichment.

The answer of the defendant corporation denies the completion of the contract and the alleged amount due; and, as an affirmative defense, the answer asserts:

Defendants would state as an affirmative defense that Plaintiffs did in fact perpetrate a fraud upon them by contracting to do construction work as a licensed contractor when in fact they were not licensed contractors, Plaintiffs were in violation of TCA 62–6–101 et seq., which prohibits the recovery of contract funds, with exceptions. Plaintiffs did work in such poor and unprofessional manner that Defendants had to have the work redone and have experienced an extreme financial hardship as a result of Plaintiffs' "supposedly" (sic) work....

A counterclaim for $100,000 was included in the answer.

The case was tried to a jury which returned the following verdict:

We, the jury, unanimously find as follows:

<u>Yes</u> (yes or no) T & W Enterprises, Inc., is liable to Billy Brandon and Dennis Farrar for actual documented expenses shown by clear and convincing evidence in the following amount: $27,409.00

<u>No</u> (yes or no) Billy Brandon and Dennis Farrar are liable to T & W Enterprises, Inc., as a result of breach of contract and the amount of damages is set at: $ (Blank Space)

No (yes or no) Did Billy Brandon or Dennis Farrar intentionally misrepresent to Roy Wright or T & W Enterprises, Inc., that they, Billy Brandon and Dennis Farrar, had a general contractor's license?

Judgment was entered accordingly, and this appeal ensued. Defendant presents two issues of which the first is:

1. Whether Plaintiffs are barred from recovery because of unclean hands.

■ He who comes into a court of equity asking its aid, must come with clean hands. *Horton v. Lyons*, 97 Tenn. 180, 36 S.W. 851 (1896).

Under the statutory enlargement of the jurisdiction of chancery courts, T.C.A. Title 16, Chapter 11, the terms "equity" and "chancery" are not necessarily synonymous; for some of the statutory jurisdiction of chancery courts is concurrent with the law courts, and it is hardly uniform justice for different courts to dispose of identical cases under different rules. However, several published opinions indicate that where the plaintiff by bringing a law case in chancery, obtains access to remedies available in chancery court, the granting of such remedies is subject to the maxims of equity, including the "clean hands maxim". *See Fielder v. Potter*, 180 Tenn. 176, 172 S.W.2d 1007 (1943); *Sartain v. Dixie Coal & Iron Co.*, 150 Tenn. 633, 266 S.W. 313 (1924); *Lenoir v. Mining Co.*, 88 Tenn. 168, 14 S.W. 378 (1889).

The misconduct alleged by the defendants as "unclean hands" is that plaintiffs falsely represented to defendant that they were licensed contractors, a misrepresentation which could constitute fraud, which is a defense at law as well as in equity.

Fraud vitiates and avoids all human transactions, from the solemn judgment of a court to a private contract and is as fatal in a court of law as in a court of equity. *New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 292 S.W.2d 749, 59 A.L.R.2d 1086 (1956).

■ Fraud renders all contracts void, ab initio, at the option of the defrauded party, when diligently exercised, and in the absence of intervening rights of innocent third parties. *Richardson v. Vick*, 125 Tenn. 532, 145 S.W. 174 (1910).

■ The option to rescind a transaction for fraud lies with the defrauded party; but, he must make his election within a reasonable time after becoming aware of the fraud and must promptly notify the other party of his intention to rescind. If, after discovery of the fraud he does any act implying acquiescence therein, or remains silent under circumstances indicating such acquiescence, this will amount to a waiver of the fraud, and he will be estopped from setting it up afterwards. *Gilbert v. Hunnewell*, 59 Tenn. (12 Heisk.) 289 (1873).

■ A voidable contract is subject to ratification which is confirmation by acts or statements. *Valley Fidelity Bank & Trust Co. v. Cain Partnership, Ltd.*, Tenn. App.1987, 738 S.W.2d 638.

The right to rescind a contract for fraud must be exercised immediately upon its discovery, and any delay in doing so, and continued employment, use and occupancy of property received under a contract will be deemed an election to confirm it. *Russell v. Zanone*, 55 Tenn.App. 690, 404 S.W.2d 539 (1966).

The second finding of the jury, quoted above, is supported by material evidence, and negates a defense of fraud.

■ Defendant argues that, even though defendant knew that plaintiffs were unlicensed and participated in the violation of law by plaintiffs, the Courts refuse to enforce the rights of either wrongdoer against the other, citing *Continental Bankers Life Insurance Co. v. Simmons*, Tenn.App.1977, 561 S.W.2d 460. However, the very statute which both parties allegedly violated, T.C.A. § 62–6–101, et seq., expressly provides:

Any unlicensed contractor covered by the provisions of this chapter shall be permitted in a court of equity to recover actual documented expenses only upon a showing of clear and convincing proof.

T.C.A. § 62–6–103(c)

The quoted statute creates a limited exception to the rule in the cited authority,

and precludes the dismissal of plaintiffs' suit on grounds of "unclean hands" or illegal conduct.

■ Defendant's argument states that the Trial Court declined to instruct the jury in accordance with Request No. 3. The motion for new trial does mention this omission, but defendant's brief does not cite or discuss this omission as an issue on appeal.

Defendant's Request No. 3 read as follows:

> If you find that Defendants, or either of them, obtained a document bearing the purported signature of Bobby Joe Farrar, a licensed contractor, in order to make it appear falsely that the work performed by Plaintiffs under the contract sued on was being performed or overseen by a licensed contractor, then Plaintiffs come into Court with unclean hands and are entitled to recover nothing. If you so find, your verdict on the original action brought by Plaintiffs against Defendants will be in favor of Defendants.

The Trial Court charged the jury as follows:

> In this case, Mr. Dennis Farrar and Mr. Billy Brandon have the burden of proof to prove their actual documented expenses. This proof must be by clear and convincing evidence.
>
> If these plaintiffs have not shown by clear and convincing documentary evidence, as defined later on in these instructions, the amount of their expenses for labor and materials used on the Gunter Building, then they are not entitled to recover anything and you will find for the defendants.

This instruction was obviously a reference to the above quotation from the statute.

Inasmuch as the verdict of the jury, quoted above, found that plaintiffs were entitled to recover "actual documented expenses" of $27,409.00, and the jury did not return a verdict for breach of express contract, this Court concludes that the failure to charge Request No. 3, if error, was harmless, that is, considering the whole record, it is not probable that the alleged error affected the result. T.R.A.P. Rule 36(b).

■ Defendant's second issue, which arises from the wording of the above quoted statute, is as follows:

> Whether there was clear and convincing proof of Plaintiffs' actual documented expenses.

Defendant argues, but does not state as an issue the failure of the Trial Judge to charge Special Request No. 2 as follows:

> The burden of proof is on Plaintiffs to establish to your satisfaction, not by a simple preponderance of the evidence, but by clear and convincing proof the amount of their expenses for labor and materials. *T.C.A. SECTION 62-6-103; CHEDESTER V. PHILLIPS,* 640 S.W.2d 207 (Tenn.1982).
>
> Clear and convincing proof is proof beyond a reasonable doubt. *STATE EX REL [BROWN] V. GROSCH,* 177 Tenn. 619, 624, 152 S.W.2d 239 (1941); *BLACK'S LAW DICTIONARY,* Revised Fourth Edition, 1968, p. 317.

The charge of the Trial Court on this subject is quoted above. The promised definition of clear and convincing evidence does not appear in the transcript. The first paragraph of Request No. 2 is adequately included in the charge given by the Court. The defendants evidently complain that the second paragraph, or its substance was not charged.

*State, ex rel. Brown v. Grosch,* 177 Tenn. 619, 624, 152 S.W.2d 239 (1941), was a habeas corpus suit to avoid extradition from Tennessee to Louisiana under warrants issued by the governors of both states. In affirming a judgment of dismissal, the Supreme Court said:

> In the present case, the issuance by the governor of this State of the warrant made a *prima facie* case of the presence of the relator in the State of Louisiana at the time alleged in the indictment. Nothing appears in the record to overthrow this *prima facie* case except the unsupported testimony of the relator to the effect that he left the City of New Orleans, where the crime was alleged to

have been committed, approximately nine hours prior to the time fixed as that of the commission of the crime.

With this presumption existent, the relator has not shown by clear and satisfactory proof that he was not a fugitive from justice.

It is well settled that in order to defeat extradition proceedings upon the ground that the party charged is not a fugitive from justice, his absence at or about the time of the crime must be shown beyond a reasonable doubt. *South Carolina v. Bailey*, 289 U.S. 412, 53 S.Ct. 667, 77 L.Ed. 1292 [ (1933) ].

177 Tenn. at p. 624, 152 S.W.2d 239.

It is noted that the phrase "clear and convincing" does not occur in the opinion, which uses the phrase, "clear and satisfactory". The appearance of the phrase "clear and satisfactory" in one paragraph and "beyond a reasonable doubt" in the next, does not require a conclusion that the two phrases are synonymous.

"Clear and convincing evidence", as required by T.C.A. § 62–6–103(c) is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established". *Wiltcher v. Bradley*, Tenn.App.1985, 708 S.W.2d 407, 420. Other definitions of the expression, "clear and convincing evidence", as annotated in 32A C.J.S. Evidence § 1023, n. 65.50 are:

> The truth of the facts asserted is highly probable. No serious doubt as to the correctness of the conclusion. Not convincing as long as the court remains in doubt. Something more than a mere preponderance of evidence. Stronger than preponderance but less than beyond a reasonable doubt. Approaching "beyond a reasonable doubt". Proof falling somewhere between civil and criminal standards. Need not be uncontradicted provided it carries a clear conviction of its truth. Need not be conclusive.

■ Whether evidence is sufficient to warrant submission of the case to a jury is a question of law for the Court. *Cude v. Culberson*, 30 Tenn.App. 628, 209 S.W.2d 506 (1948).

The weight of evidence is for the jury to determine. *Deihl v. Ottenville*, 82 Tenn. (14 Lea.), 191 (1884); *Clark v. Engelberg*, 58 Tenn.App. 721, 436 S.W.2d 465 (1968); *Williams v. Daniels*, 48 Tenn.App. 112, 344 S.W.2d 555 (1961).

This Court has determined that the 127 cancelled checks payable to others and voluminous invoices, identified by the testimony of plaintiffs are adequate to take to the jury the issue of "actual documented expenses ... upon a showing of clear and convincing evidence".

However, the appellant challenges 27 cancelled checks payable to plaintiffs personally as not being within the purview of expenses allowable by the above quoted statute.

In *Gene Taylor & Sons Plumbing Co., Inc. v. Carondolet Realty Trust*, Tenn. 1981, 611 S.W.2d 572, the facts arose prior to the enactment of T.C.A. § 62–6–103(c), but the Supreme Court acted in accordance with principles incorporated in said statute and held that an unlicensed subcontractor was entitled to recover "actual expenses in the form of labor and materials expended on the project as shown by clear and convincing proof". Although the term "labor" was not defined in the cited opinion, this Court conceives no difference between the going wage for work performed by the unlicensed contractor and the amount of wage paid to a third party for doing the same work.

There is uncontradicted evidence that the amounts representing payments to plaintiffs were compensation at the prevailing hourly rate for skilled labor (carpentry and electrical work) which was performed by plaintiffs.

The evidence of value of labor and materials furnished by plaintiffs is adequate to carry the issue to the jury which resolved the issue in favor of plaintiffs. There is no evidence that the amount of the verdict contained any profit to plaintiffs for performance of the contract.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is re-

manded to the Trial Court for enforcement of its judgment.

Affirmed and Remanded.

LEWIS, and CANTRELL, JJ., concur.