# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

IN RE:  ESTATE OF )
JESSIE HANEY, Deceased )
 )
MABLE YOUNG, LEONA YOUNG, )
BEULAH YOUNG, GLENDA )
YOUNG, and JEWEL MITCHELL, )
 )
     Plaintiffs/Appellants, )
 )
 )  Jackson Circuit
 )  No. 1122
VS. )
 )  Appeal No.
 )  01-A-01-9509-CV-00424
 )
ARLENE BUSH, Individually and )
Executor Under the Will of )
JESSIE HANEY, )
 )
     Defendant/Appellee. )

**FILED**

**February 9, 1996**

**Cecil W. Crowson
Appellate Court Clerk**

## CONCURRING OPINION

The majority has reached the correct result in this case.  I have prepared this separate opinion for two reasons.  First, we should state clearly that the contestants' trial counsel should not be faulted for requesting the trial court to use a Tennessee Pattern Jury Instruction that the Tennessee Supreme Court had disapproved only one month before trial. Second, we should conclude without equivocation that the record contains material evidence upon which the jury could have determined that the beneficiary had clearly and convincingly rebutted the presumption of undue influence arising from her confidential relationship with Mrs. Haney.

# I.

Jessie Haney executed a will on January 4, 1991, leaving her estate to a niece. She died three years later at the age of eighty-eight. Three of her sisters and two of her nieces challenged the will after it was admitted to probate, alleging that the beneficiary had exerted undue influence on Mrs. Haney and that Mrs. Haney lacked sufficient testamentary capacity to execute a will.

The contestants proved at trial that Mrs. Haney had a confidential relationship with the beneficiary. Accordingly, they were entitled to the benefit of the presumption of undue influence arising from the existence of a confidential relationship. The beneficiary put on proof to rebut this presumption, and the case then went to the jury. The trial court's instructions, however, contained an error concerning the amount of proof needed to rebut the presumption of undue influence.

Relying on Tennessee Pattern Jury Instruction 11.60, the trial court instructed the jury that the beneficiary could rebut the presumption by proving by a preponderance of the evidence that the will was not the result of undue influence. Unfortunately, the Tennessee Supreme Court had specifically rejected this instruction approximately one month earlier in *Matlock v. Simpson*, 902 S.W.2d 384, 386 (Tenn. 1995). Apparently neither the trial court nor the lawyers for the parties were aware of the *Matlock v. Simpson* decision when they tried this case.

# II.

The Tennessee Pattern Jury Instructions, prepared by a committee of the Tennessee Judicial Conference, are frequently used as a source for instructions in the trial court. *State v. Rutherford,* 876 S.W.2d 118, 120 (Tenn. Crim. App. 1993). Their use is not mandatory, *State v. Harris*, 839 S.W.2d 54, 74 (Tenn. 1992), *cert. denied*, 113 S. Ct. 1368 (1993), and notwithstanding their popularity, they do not have the force of law and do not bear the imprimatur of the Tennessee Supreme

Court or the General Assembly. *State v. Phipps*, 883 S.W.2d 138, 152 (Tenn. Crim. App. 1994). Accordingly, the preface to the instructions points out that "no prior approval of any instruction has been sought from the Supreme Court" and that "[t]hese instructions are as subject to objection and reversal as instructions have always been." Tennessee Pattern Jury Instructions - Civil, 8 *Tenn. Practice* at vii (2d ed. 1988).

The Tennessee Supreme Court has not hesitated to disapprove pattern instructions found to be deficient. *See, e.g., Matlock v. Simpson,* 902 S.W.2d at 386 (criticizing T.P.I. - Civil 11.60); *State v. Dyle,* 899 S.W.2d 607, 612 (Tenn. 1995) (criticizing T.P.I. - Criminal 42.05). Thus, both the bench and the bar understand that the use of a pattern instruction does not displace the trial court's obligation to prepare and use fair and accurate instructions, *State v. Phipps,* 883 S.W.2d at 152, or trial counsel's obligation to call material misstatements or omissions to the trial court's attention.

The trial of this case occurred only thirty-one days after the Tennessee Supreme Court issued its decision in *Matlock v. Simpson.* The opinion was not officially published until September 5, 1995 when it appeared in the advance sheets.[1] While the decision may have been available earlier in other unofficial publications,[2] neither the attorneys involved in the trial nor the trial court should be faulted for failing to discover that T.P.I. - Civil 11.60 was no longer correct. This court had repeatedly employed the standard reflected in the pattern instruction,[3] even after noting that the Tennessee Supreme Court had not approved the instruction and that the instruction was inconsistent with earlier opinions requiring clear and convincing evidence to rebut the presumption. *Reynolds v. Day,* 792 S.W.2d 924, 928 (Tenn. Ct. App. 1990). The Tennessee Supreme Court

---

[1]*See* West's Tennessee Decisions, 902 S.W.2d No. 2 (September 5, 1995).

[2]A synopsis of the opinion appeared in the February 20, 1995 edition of the Tennessee Attorneys Memo. *See* 20 T.A.M. 8-1. It may also have been available on electronic databases such as LEXIS or Westlaw.

[3]*Crain v. Brown,* 823 S.W.2d 187, 193-94 (Tenn. Ct. App. 1991); *Owen v. Stanley,* 739 S.W.2d 782, 787 (Tenn. Ct. App. 1987); *Taliaferro v. Green,* 622 S.W.2d 829, 835-36 (Tenn. Ct. App. 1981).

itself declined to review these decisions,[4] and thus it would not have been unreasonable when this case was tried to believe that the principle embodied in the instruction had taken on an aura of settled law.

## III.

The contestants are in no position to use *Matlock v. Simpson* to challenge the jury instructions or the trial court's approval of the evidence as thirteenth juror. They requested the instruction and did not take issue with its correctness in their motion for new trial. As a consequence, they have waived their opportunity to raise this issue, and they must accept part of the responsibility for this error. Tenn. R. App. P. 3(e); Tenn. R. App. P. 36(a).

The contestants, however, insist that we should review the jury's verdict using the clear and convincing evidence standard required by *Matlock v. Simpson.* We should not compound the error in the trial court by continuing to ignore the plain mandate of *Matlock v. Simpson.* Accordingly, our task on this appeal should be to determine whether the record contains material evidence upon which the jury could reasonably conclude that the beneficiary presented clear and convincing evidence to rebut the presumption of undue influence that arose once the contestants proved the existence of a confidential relationship between Mrs. Haney and her niece.

The clear and convincing evidence standard is more exacting than the preponderance of the evidence standard. *See Rentenbach Eng'g Co. v. General Realty, Ltd.,* 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985). It falls somewhere between the preponderance of the evidence standard and the beyond a reasonable doubt standard. *Brandon v. Wright,* 838 S.W.2d 532, 536 (Tenn. Ct. App. 1992).

---

[4]The Tennessee Supreme Court's denial of an application for permission to appeal was at one time viewed as an endorsement of the reasoning and result of an intermediate appellate court opinion. *See Pairamore v. Pairamore*, 547 S.W.2d 545, 548-49 (Tenn. 1977); *Beard v. Beard*, 158 Tenn. 437, 442, 14 S.W.2d 745, 747 (1929). This is apparently no longer the case in light of the Tennessee Supreme Court's holding that the denial of an application for permission to appeal does not necessarily commit the Court to all the views expressed in the intermediate appellate court's opinion. *Swift v. Kirby*, 737 S.W.2d 271, 277 (Tenn. 1987).

Clear and convincing evidence eliminates from the fact finder's mind any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence, *see Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 n.3 (Tenn. 1992), and produces a firm belief or conviction with regard to the accuracy of the conclusions. *Brandon v. Wright,* 838 S.W.2d at 536; *Wiltcher v. Bradley,* 708 S.W.2d 407, 411 (Tenn. Ct. App. 1985).

Recapitulating the testimony serves little useful purpose at this point. The majority's opinion contains lengthy excerpts from the record illustrating that Mrs. Haney received independent legal advice in the preparation of her will and that she was aware of the significance of what she was doing when she executed the will. Based on all the testimony, we should simply conclude that the record contains material evidence to support the jury's conclusion that Mrs. Haney was capable of executing a valid will and that the beneficiary clearly and convincingly rebutted the presumption of undue influence arising from her confidential relationship with Mrs. Haney.

_____
WILLIAM C. KOCH, JR., JUDGE