IN THE COURT OF APPEALS

FILED

March 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| JEFFREY KEITH PHILLIPS and | ) | WASHINGTON CIRCUIT |
| JENNIFER PHILLIPS, | ) | C. A. NO. 03A01-9509-CV-00298 |
| | ) | |
| | ) | |
| Plaintiffs-Appellees | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. G. RICHARD JOHNSON |
| | ) | JUDGE BY INTERCHANGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| EUGENE RUSSELL, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

TIMOTHY S. BELISLE, Anderson, Fugate, Givens, Counts, & Belisle, Johnson City, for Appellant.

ROBERT J. JESSEE, Johnson City, for Appellees.

O P I N I O N

McMurray, J.

The parties to this appeal entered into a contract whereby the appellant was to construct a home for the appellees. Problems developed between the parties which resulted in an action by the plaintiffs-appellees to recover damages from the defendant-appellant for defective workmanship in the construction and to remove a cloud from their title resulting from a lien filed by the defendant. The defendant filed a counterclaim against the plaintiffs and a cross-claim against Shirley G. Hughes. Shirley Hughes was trustee under a deed of trust executed by the plaintiffs to secure payment of a promissory note in the amount of $80,000.00. payable to Elizabethton Savings and Loan Association.[1]

In his counterclaim, the defendant sought to recover the unpaid balance of the contract price plus additional sums he claims to have expended in the construction of the house. He alleges that he is entitled to recover from the plaintiffs on the theory of quantum meruit. No recovery is sought against the cross-defendant.

After a bench trial the court resolved the issues in favor of the plaintiffs and awarded judgment against the defendant in the amount of $3,412.69. From this judgment the defendant has appealed and presents the following issues for our consideration:

---

[1]For simplicity, the parties will be referred to in the capacity in which they appeared in the trial court.

2

1. Whether the conduct of the plaintiffs, in permitting the defendant to continue work on plaintiffs' house despite perceived deviations from the contract and in not allowing the defendant sufficient opportunity to correct the defects after notice that the plaintiffs' intended to withhold payment until the defects were corrected, should preclude them from prevailing against the defendant.

2. Whether the trial court erred in awarding judgment to plaintiffs where the evidence failed to establish plaintiff's' entitlement to judgment.

3. Whether defendant is entitled to judgment against the plaintiffs.

We will first consider the third issue. It is undisputed that the defendant-counter-plaintiff was <u>not</u> a licensed contractor. T.C.A. § 62-6-103 provides in pertinent part as follows:[2]

**62-6-103. License requirement - Recovery of expenses by unlicensed contractor.** (a)(1) Any person, firm or corporation engaged in contracting in this state shall be required to submit evidence that such person, firm or corporation is qualified to engage in contracting, and shall be licensed as hereinafter provided. It is unlawful for any person, firm or corporation to engage in or offer to engage in contracting in the state, unless such person, firm or corporation has been duly licensed under the provisions of this chapter, as hereinafter provided. Any person, firm or corporation engaged in contracting, including such person, firm or corporation that engages in the construction of residences or dwellings constructed on private property for the purpose of resale, lease, rent or any other similar purpose, shall be required to submit evidence that such person, firm or corporation is qualified to engage in contracting and/or building, and shall be licensed. It is unlawful for any

---

[2]T.C.A. § 62-6-103 was amended in 1994. The text set out here is the text as it existed before the 1994 amendment.

3

person, firm, or corporation to engage in, or offer to engage in, contracting or building as hereinabove described, unless such person, firm or corporation has been duly licensed under the provisions of this chapter.

* * * *

(c) Any unlicensed contractor covered by the provisions of this chapter shall be permitted in a court of equity to recover actual documented expenses only upon a showing of clear and convincing proof.

To avoid the consequences of this statute, the defendant theorizes that the plaintiffs are estopped from asserting the unlicensed status of the defendant. Defendant insists that the plaintiffs' actions in allowing him to go forward knowing that he was unlicensed created an estoppel. No authority is cited to us and we have found none whereby estoppel can be successfully invoked to defeat the purposes of the above statute. Everyone is presumed to know the law. Davis v. Metropolitan Government of Nashville, 620 S.W.2d 532 (Tenn. App. 1981). Therefore, the defendant is chargeable with the knowledge that he could recover no more than the statute allows, i.e., actual documented expenses and then, and only then, upon a showing, by clear and convincing proof, that he incurred the expenses. To hold otherwise would be to create a judicial exception to the statute which we are unwilling to do. We hold that estoppel does not apply under the circumstances of this case.

As documented proof, the defendant offered into evidence checks in the total amount of $88,774.32, which he claims represented monies expended on the plaintiffs' house. In Brandon v. Wright, 838 S.W.2d 532 (Tenn. App. 1992), it was established that canceled checks and invoices could constitute "adequate documented expenses ... upon a showing of clear and convincing evidence." The court in Brandon, citing Wilcher v. Bradley, 708 S.W.2d 407 (Tenn. App. 1985), stated: "'Clear and convincing evidence' as required by T.C.A. § 62-6-103(c) is 'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations to be established.'"

In this case, we are of the opinion that the evidence presented by the defendant does not meet the test. On many of the checks the "memo" or "for" blank has, even to an untrained eye, been filled by a different hand and a different colored ink thus casting suspicion upon their authenticity. Further there were no matching invoices correlating to the checks. The counter-plaintiff has failed to meet his burden of proof. We find that the defendant is not entitled to a monetary judgment against the plaintiffs.

Having decided the issue which requires the application of the "clear and convincing evidence" rule, we will consider the remaining issues together. In deciding these issues, we are bound

5

by the provisions of Rule 13(d), T.R.A.P. i.e., "[u]nless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." In a de novo review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. Thornburg v. Chase, 606 S.W.2d 672 (Tenn. App. 1980); American Buildings Co. v. White, 640 S.W.2d 569 (Tenn. App. 1982); Tennessee Rules of Appellate Procedure, Rule 36.

The trial court found that the defendant constructed the house in an unworkmanlike manner below the standard of the construction art and breached his contract and warranties to the plaintiff. Accepting the trial court's findings as true, those findings alone do not entitle the plaintiffs' to a judgment against the defendant.

It is established law that a party to a construction contract is under an obligation to give notice of perceived defects or deviations from the contract specifications. See McClain v. Kimbrough Const. Co., Inc., 806 S.W.2d 194 (Tenn. App. 1990). It is further established that a party is under a duty to provide a reasonable opportunity to correct the defective work before

6

terminating the contract.  <u>Id</u>., at 199.  <u>See also Carter v. Krueger</u>, an unpublished opinion (to be published) of this court, permission to appeal denied February 5, 1996.

In <u>Carter</u>, this court denied relief to a property owner who failed to give notice and an opportunity to correct defects in the construction of a commercial building.  Quoting from <u>McClain</u>, supra, this court said:

> Requiring notice is a sound rule designed to allow the defaulting party to repair the defective work, to reduce the damages, to avoid additional defective performance, and to promote the informal settlement of disputes. <u>Pollard v. Saxe & Yolkes Dev. Co.</u>, 12 Cal. 3d 374, 525 P.2d 88, 92, 115 Cal. Rptr. 648, 652 (1974); <u>Sturdy Concrete Corp. v. Nab Constr. Corp.</u>, 65 A.D.2d 262, 411 N.Y.S.2d 637, 644 (1978). Thus, even when the parties have not included a "take over" clause in their contract, courts have imposed upon contractors the duty to give subcontractors notice and an opportunity to cure before terminating the contract for faulty performance. <u>United States ex rel. Cortolano & Barone, Inc. v. Morano Constr. Corp.</u>, 724 F. Supp. 88, 98 (S.D.N.Y. 1989); <u>see also Cyclo Floor Machine Corp. v. National Housewares, Inc.</u>, 296 F. Supp. 665, 682 (D. Utah 1968) (imposing a notice requirement in a nonconstruction context).

<u>McClain</u> at page 198.

We note that the trial court did not make any findings of fact with regard to notice or opportunity to correct the defects.  Thus there are no findings to which we can apply the presumption of correctness provided in Rule 13(d), T.R.A.P.  Rule 36, T.R.A.P.

7

requires us to examine the record, make factual determinations, apply the law and render the judgment warranted by the law and the evidence.

In this case, it has been established by a preponderance of the evidence that as early as December, 1993, the plaintiffs put the defendant on notice that the basement was leaking and that the basement walls were not being constructed in accordance with the specifications. At that time, the area around the basement walls had not been backfilled. The defendant, without correcting the defects, backfilled the area around the basement walls thereby rendering it difficult to correct any water problem. The walls of the basement leaked and continued to leak up to the time of the trial. The plaintiff, Jeffrey Keith Phillips, testified that he talked with the defendant on April 8, 1994, and that he was told that there was nothing that could be done about it, it was too late.

The plaintiffs also furnished the defendant with a list of other defects they found in the house. They further refused to authorize a final draw on the contract price of the house until the defects were completed. We are of the opinion that they were justified in so doing. We are further of the opinion and find that the defendant is chargeable with notice as of December, 1993, and

8

that from December, 1993, until April, 1994, was ample time within which to correct the problems.

Raymond Kidd, a licensed building contractor, called as a witness by the plaintiff testified that he was familiar with the standards of the construction industry in Washington County in the years 1993 and 1994. He further testified that the construction of the dwelling was not up to standard.

Mr. Don Bacon, a licensed general contractor, testified on behalf of the defendant. He testified that there were defects in the house but that they could be repaired at a minimal cost. As to the water in the basement, he conceded that the house should have dried by the time of the trial. He suggested that the grade of the lot should be changed as a first effort to correct the water problem and if that was insufficient, a "french drain" should be installed around the house.[3]

It is implicit in the trial court's finding that the construction fell below the standards prevailing in the area, that the trial court accredited the testimony of the plaintiffs' expert witness, Mr. Raymond Kidd. ... [O]n an issue which hinges on

---

[3]Mr. Bacon described a french drain as follows: "You dig a ditch out away from the house and put the rock in it and the tile, straw it and put the dirt back. You dig from one end to the other and bring the tile back to the top of the ground for the water to drain into."

witness credibility, the trial court will not be reversed unless there is found in the record clear, concrete, and convincing evidence other than the oral testimony of witnesses which contradict the trial court's findings. See Tennessee Valley Kaolin Corp. v. Perry, 526 S.W.2d 488 (Tenn. App. 1974). We concur with the findings of the trial court that the construction of the dwelling fell below acceptable standards.

Further we are of the opinion that the evidence supports a finding that the defendant was given ample time and opportunity to correct the problems or at least to attempt to correct the problems. "[I]n cases where both parties have not fully performed, it is necessary for the courts to determine which party is chargeable with the first uncured material breach." McClain, supra, 199. We find that the defendant breached the contract and that his breach was the first material breach. Accordingly, we find that the plaintiffs are entitled to recover damages from the defendant which resulted from the defendant's breach of contract. We further find that the damages awarded by the trial court are reasonable under the circumstances of this case.

All issues are resolved against the appellant. The trial court is affirmed in all respects. Costs are taxed to the

10

appellant and this cause is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, J.

IN THE COURT OF APPEALS

| | |
|---|---|
| JEFFREY KEITH PHILLIPS and JENNIFER PHILLIPS, | ) WASHINGTON CIRCUIT<br>) C. A. NO. 03A01-9509-CV-00298<br>) |
| Plaintiffs-Appellees | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) HON. G. RICHARD JOHNSON<br>) JUDGE BY INTERCHANGE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| EUGENE RUSSELL, | ) AFFIRMED AND REMANDED |
| | ) |
| Defendant-Appellant | ) |

**<u>ORDER</u>**

This appeal came on to be heard upon the record from the Circuit Court of Washington County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The trial court is affirmed in all respects. Costs are taxed to the appellant and this cause is remanded to the trial court for the collection thereof.

PER CURIAM