IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 5, 2005

IN THE MATTER OF: A.L.N. AND B.T.N.

Appeal from the Juvenile Court for Davidson County
No. 2119-62114 & 2119-62116    Betty Adams Green, Judge

No. M2004-02830-COA-R3-PT - Filed August 24, 2005

Father appeals the termination of his parental rights to his two minor children, arguing that Petitioner, the children's maternal grandmother, did not show by clear and convincing evidence that Father had abandoned his children. Father also asserts that because there is no transcript or audio recording of the trial court's hearing this court is unable to conduct an adequate appellate review. We agree with Father and find that due to the lack of a transcript or audiotape of the evidence presented at the termination hearing, we are unable to determine whether clear and convincing evidence supported the termination of his parental rights. Consequently, Father has been deprived of an effective review on appeal. We therefore vacate the judgment of the trial court terminating Father's parental rights and remand for further proceedings.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Vacated and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

J. Stephen Mills, Nashville, Tennessee, for the appellant, J.N.

Larry L. Crain, Brentwood, Tennessee, for the appellee, M.I.

Nick Perenich, Nashville, Tennessee, guardian ad litem.

OPINION

Petitioner, the maternal grandmother of two minor children, A.L.N. and B.T.N., filed a petition on May 25, 2004 seeking to terminate the parental rights of the minor children's father on the ground of abandonment, as defined by Tenn. Code Ann. § 36-1-102. The children's mother, Father's ex-wife and Petitioner's daughter, died on October 6, 2002. The children are in Petitioner's custody pursuant to a prior order of the trial court.

Father, currently incarcerated and not expected to be released until 2010, filed a response contesting the termination of his parental rights.[1] Thereafter, the trial court declared Father to be indigent and appointed an attorney to represent him. The court also appointed a guardian ad litem to represent the interests of the minor children.

Father and Petitioner were the only witnesses at the October 1, 2004 termination hearing. Although A.L.N. and B.T.N. did not testify, the trial court made written findings that are attributable to their testimony. For the most part, the trial court deemed Father's testimony to be not credible.[2] It also found:

> The mother and father separated in 1999 and were divorced at the time of mother's death in 2002. The mother had sole custody of the children. Prior to the separation in 1999, the mother and father lived with petitioner (the maternal grandmother) for periods of time. The father had a drinking problem, and would become violent and abuse the mother, and on at least one occasion, the petitioner. The police were called several times. Often, these actions happened in front of [A.L.N.]. [A.L.N.] has exhibited fear and other problems due to witnessing the father's violence. [A.L.N.'s] only memories of her father are bad memories.

> After the mother and father separated, the mother and [A.L.N.] lived with the petitioner. In 2000, [B.T.N.] was born. The father only saw [B.T.N.] once or twice, and [B.T.N.] does not remember the father at all. The mother lived with the grandmother for a period, then on her own in a house the grandmother purchased for her. In 2002, the mother, her boyfriend, and the children moved back in with the grandmother where she resided until her death. (Footnote omitted.)

> The father has not seen the children in approximately four years. Although he was under a child support order, he did not pay any child support during 2002, prior to being incarcerated. The father knew of his obligation to pay support, he was employed at a number of jobs during 2002. However, he did not bother to pay support.

> Nothing changed after the mother died. The father did not visit the children and did not pay support. He never sent a card or letter. He never made a phone call. The father was soon incarcerated and is not expected to be released until 2010, when [A.L.N.] is 13 years old and [B.T.N.] is 10.

---

[1] Father is incarcerated on four felony convictions – burglary, reckless aggravated assault, attempted aggravated robbery and aggravated robbery.

[2] Throughout its Final Decree of Guardianship, the trial court repeatedly characterized Father's testimony as "not credible." However, the trial court also found that, "One of the few instances of credible testimony from the father was his admission of having a drinking problem and being out of control prior to his incarceration."

The trial court held that Father had abandoned the minor children pursuant to Tenn. Code Ann. § 36-1-102(1)(A)(iv), finding that Father willfully failed to visit the children and willfully failed to support the children for the four-month period prior to his incarceration. The trial court also held that prior to his incarceration, Father engaged in conduct which exhibited a wanton disregard for the welfare of his children and that termination of Father's parental rights was in the best interests of the children as set forth in Tenn. Code Ann. § 36-1-113(i). Petitioner was awarded complete custody, control and guardianship and was given the right to adopt the children. Father appealed.

On appeal, Father argues that the evidence did not support the trial court's termination of his parental rights. He contends that the trial court "flipped the burden of proof" so as to require Father to prove that he paid support and visited his children rather than requiring Petitioner to prove that he did not. Furthermore, Father asserts that the lack of a transcript or audiotape of the evidence presented at the termination hearing, prevents this court from conducting a review of the evidence.

Parents have a fundamental right to the care, custody and control of their children. *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Hawk v. Hawk*, 855 S.W.2d 573, 577 (Tenn. 1993). This right is superior to the claims of other persons and the government, yet it is not absolute. A court may terminate a parent's parental rights if it finds by clear and convincing evidence that one of the statutory grounds for termination of parental rights has been established and that the termination of such rights is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *In re A.W.*, 114 S.W.3d 541, 544 (Tenn. Ct. App. 2003); *In re C.W.W.*, 37 S.W.3d 467, 475-76 (Tenn. Ct. App. 2000).

The clear and convincing evidence standard is a heightened burden of proof which serves to minimize the risk of erroneous decisions. *In re C.W.W.*, 37 S.W.3d at 474; *Matter of M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Evidence satisfying this high standard produces a firm belief or conviction regarding the truth of facts sought to be established. *In re C.W.W.*, 37 S.W.3d at 474. It has been explained by this court as follows:

> The "clear and convincing evidence" standard defies precise definition. *Majors v. Smith*, 776 S.W.2d 538, 540 (Tenn. Ct. App. 1989). While it is more exacting than the preponderance of the evidence standard, *Santosky v. Kramer*, 455 U.S. at 766, 102 S. Ct. at 1401; *Rentenbach Eng'g Co. v. General Realty Ltd.*, 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985), it does not require such certainty as the beyond a reasonable doubt standard. *Brandon v. Wright*, 838 S.W.2d 532, 536 (Tenn. Ct. App. 1992); *State v. Groves*, 735 S.W.2d 843, 846 (Tenn. Crim. App.1987).

> Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established. *In re Estate of Armstrong*, 859 S.W.2d

323, 328 (Tenn. Ct. App. 1993); *Brandon v. Wright*, 838 S.W.2d at 536; *Wiltcher v. Bradley*, 708 S.W.2d 407, 411 (Tenn. Ct. App. 1985).

*O'Daniel v. Messier,* 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995). It is under this heightened standard of review that we must review the trial court's findings.

The record on appeal in this matter is significant only for the lack of a record of the evidence presented at trial. There is no official transcript of the evidence because no court reporter was present for the October 1, 2004 termination hearing. There is also no tape recording of the proceedings, from which a transcript could be produced.[3] While the record contains two competing proposed statements of the evidence, one filed by Father and one filed by the Guardian ad litem, neither statement is certified by the trial judge.[4]

As a consequence, we are faced with a record that is not of sufficient completeness to permit proper appellate review of the parent's claims. Unfortunately, this is not the first occasion this court has faced such a deficiency in a termination proceeding. We considered a similar situation in *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628 (Tenn. Ct. App. Aug. 16, 2000). In *J.D.W.* the father's parental rights were terminated yet no court reporter was present at the hearing, thus no verbatim transcript of the evidence was produced. The father appealed contending that the evidence was not sufficient to support a finding of willful abandonment. Finding the incomplete record prevented this court from determining whether the evidence supported or preponderated against the trial court's findings, the order terminating the father's parental rights was vacated. As we explained:

> The lack of such a record prevents our review of the evidence to determine whether it supports or preponderates against the trial court's findings and prevents our application of the clear and convincing evidence standard. While in other types of civil cases we would be required to conduct our review using the Statement of the Evidence, *see* Tenn. R. App. P. 24(c), or to accept as conclusive the trial court's findings, *see King v. King*, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998), such procedures do not satisfy the constitutional requirements applicable to an appeal from an order terminating parental rights.

*J.D.W.* at *3. *See also In re* J.M.C.H., No. M2002-01097-COA-R3-CV, 2002 WL 31662347, at *4 (Tenn. Ct. App. Nov. 26, 2002) (holding that the constitutional implications of a termination proceeding require a record of sufficient completeness to permit proper appellate review of the

---

[3]Davidson County Juvenile Court Local Rule of Court 12 places the responsibility on the clerk of the juvenile court to "provide for the recording of proceedings in all hearings." Why this was not done is not explained.

[4]The Guardian ad Litem asserts that the Statement of the Evidence filed by him was certified, but we see no indication of that in the record.

parent's claims).[5]  *J.D.W.* also explained the importance of making a record for appeal available to an indigent parent.  The court opined that, "If the parent whose rights are to be terminated is indigent, then the trial court must ensure that such a record is created and made available to a parent who seeks to appeal."  *Id.* at *4.

Father was declared indigent and was appointed counsel to represent him in the termination proceedings.[6]  The determination of Father's indigency not only entitled Father to appointed counsel, it also entitled him to a sufficient record on appeal.  *See J.D.W.* at *4 (holding if the parent whose parental rights are terminated is indigent, the trial court must ensure that such a record of sufficient completeness is created and made available to ensure an effective appeal was preserved).  The record before us does not meet this standard.  As a consequence, Father has been deprived of an effective review by this court on appeal.

Therefore, the judgment of the trial court is vacated and this matter is remanded for further proceedings consistent with this opinion.  Costs of appeal are assessed against Appellee/Petitioner, M.I.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5] *In re Adoption of* J.D.W. and *In re J.M.C.H.* both relied on the United States Supreme Court opinion in *M.L.B. v. S.L.J.*, 519 U.S.102 (1996), in which an indigent mother whose parental rights had been terminated was denied an appeal due to her inability to pay the record preparation fees.  The Court emphasized that termination decrees are "among the most severe forms of state action."  *M.L.B.* 519 U.S. at 128. The Court concluded that the state could not withhold "a 'record of sufficient completeness' to permit proper [appellate] consideration of . . . claims" from an indigent parent seeking review of a termination of parental rights action.  *Id.* at 128.

[6] The Order Appointing Counsel for Indigent Party in Dependant/Neglect or Termination of Parental Rights Proceeding makes reference to Father's affidavit of indigency filed in this matter, however that affidavit is not a part of the record.