# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 24, 2016 Session

## CHARLOTTE PICKEL WILSON v. JEREMIAH PICKEL

**Appeal from the Chancery Court for Knox County**
**No. 1804712 Clarence E. Pridemore, Jr., Chancellor**

———————————————————

**No. E2015-01472-COA-R3-CV-FILED-JUNE 27, 2016**

———————————————————

This case involves a purportedly forged deed. Appellant appeals the trial court's decision to set aside a quit claim deed that was allegedly executed in favor of Appellant by his now deceased grandfather. The trial court found the signature on the deed was forged and not that of the grandfather. In so ruling, the trial court applied the preponderance of evidence standard. Because the correct standard is clear and convincing evidence, we vacate and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. Michael Swiney, C.J., and Thomas R. Frierson, II, J., joined.

Debra L. House, Knoxville, Tennessee, for the appellant, Jeremiah Pickel.

Ray H. Jenkins, Knoxville, Tennessee, for the appellee, Charlotte Pickel Wilson.

## OPINION

### I. Background

Appellee Charlotte Pickel Wilson is the daughter of Alford and Cleo Pickel. Appellant Jeremiah Pickel is Alford and Cleo Pickel's grandson. Mrs. Wilson is Jeremiah Pickel's aunt. Jeremiah was largely raised by his grandparents, and continued to live near them after he graduated from high school and into his adulthood. As Mr. and Mrs. Pickel grew older, Jeremiah assisted them regularly around the house. Mrs. Pickel died on January 19, 2008. Mr. Pickel died intestate on July 24, 2008. At issue in this

appeal is a quitclaim deed that was purportedly executed by Alford Pickel ("Decedent") on April 17, 2008 transferring his property to Jeremiah. Although purportedly executed in 2008, the quitclaim deed was not recorded in the Knox County Register's Office until November 9, 2010.

On May 23, 2011, Charlotte Pickel Wilson filed a complaint in the trial court seeking to set aside the quitclaim deed from Decedent to Jeremiah. Specifically, Mrs. Wilson averred that Jeremiah had forged Decedent's signature on the deed or, in the alternative, had obtained the quitclaim deed through undue influence. Following a hearing, on July 7, 2015, the trial court entered its final judgment setting aside the quitclaim deed. As it relates to this appeal, the order stated, "[t]his [c]ourt finds, by a ***preponderance of the evidence***, that the signature purporting to be that of Mr. Alford Pickel on the April 17, 2008, quitclaim deed is not his actual signature"(emphasis added). Jeremiah Pickel appeals.

## II.  Issue

Appellant raises one issue for review as stated in his brief:

> Whether the trial court applied the wrong standard of proof in finding by a preponderance of the evidence that the signature purporting to be that of Mr. Alford Pickel on the April 17, 2008 deed is not his actual signature.

## III.  Discussion

It is well settled that a court speaks through its orders. ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). In this case, the trial court's order specifically stated that it applied the preponderance of evidence standard to determine that the signature on the quitclaim deed at issue is not that of the Decedent. A preponderance of the evidence standard is an incorrect standard of proof in forgery cases. Forgery must be proven by "clear, cogent and convincing" evidence for a trial court to set aside a written instrument. ***Johnston v. Johnston***, No. E2013-00525-COA-R3CV, 2014 WL 890758, at *20 (Tenn. Ct. App. Mar. 6, 2014), perm. app. denied (Tenn. June 20, 2014), (citing ***Estate of Acuff v. O'Linger***, 56 S.W.3d 527, 556 (Tenn. Ct. App. 2001), perm. app. denied, (Tenn. Oct. 1, 2001); ***Estate of Wooden v. Hunnicutt***, M2004-01038-COA-R3-CV, 2005 WL 2546918 (Tenn. Ct. App. Oct. 11, 2005)).

This Court has previously explained the clear and convincing standard as follows:

> The "clear and convincing evidence" standard defies precise definition. ***Majors v. Smith***, 776 S.W.2d 538, 540 (Tenn. Ct. App. 1989). While it is more exacting than the preponderance of the evidence standard, ***Santosky v. Kramer***, 455 U.S. at 766, 102 S. Ct. at 1401; ***Rentenbach Eng'g Co. v. General Realty Ltd.***, 707 S.W.2d 524, 527 (Tenn. Ct. App. 1985), it does

not require such certainty as the beyond a reasonable doubt standard. *Brandon v. Wright*, 838 S.W.2d 532, 536 (Tenn. Ct. App. 1992); *State v. Groves*, 735 S.W.2d 843, 846 (Tenn. Crim. App. 1987).

Clear and convincing evidence eliminates any serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992). It should produce in the fact-finder's mind a firm belief or conviction with regard to the truth of the allegations sought to be established. *In re Estate of Armstrong*, 859 S.W.2d 323, 328 (Tenn. Ct. App. 1993); *Brandon v. Wright*, 838 S.W.2d at 536; *Wiltcher v. Bradley*, 708 S.W.2d 407, 411 (Tenn. Ct. App. 1985).

*O'Daniel v. Messier*, 905 S.W.2d 182, 188 (Tenn. Ct. App. 1995); see also *Estate of Wooden v. Hunnicutt*, 2005 WL 2546918, at *5. In contrast to the preponderance of the evidence standard, the clear and convincing evidence standard should demonstrate that the truth of the facts asserted is "highly probable" as opposed to merely "more probable" than not. *Lettner v. Plummer*, 559 S.W.2d 785, 787 (Tenn.1977); *Goldsmith v. Roberts*, 622 S.W.2d 438, 441 (Tenn.Ct.App.1981); *Brandon v. Wright*, 838 S.W.2d at 536; see also *In re B.N.T.*, No. W2007-01627-COA-R3-PT, 2008 WL 2095468, at *5 (Tenn. Ct. App. May 19, 2008).

Because the trial court applied an incorrect legal standard, we vacate the judgment and remand for such further proceedings as may be necessary. We take no position as to the ultimate outcome of this case. Our holding in this matter does not preclude the trial court from allowing the parties to present additional proof on remand. However, the trial court must evaluate the evidence using the clear and convincing standard.

## IV.    Conclusion

For the foregoing reasons, we vacate the trial court's order and remand for further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellee, Charlotte Pickel Wilson, for all of which execution may issue if necessary. One-half of the costs are assessed to the Appellant, Jeremiah Pickel. Because Mr. Pickel is proceeding in *forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
KENNY ARMSTRONG, JUDGE